## GEORGE MAY, Respondent, *v.* GEORGE M. HANSON, Appellant.

The law regards ferrymen as common carriers, and has imposed upon them the same duties and liabilities.

As soon as the ferryman signifies his assent or readiness to receive the passenger, he becomes liable for his safe transit and delivery, and is chargeable with any accident occurring, except by the act of God or the public enemy.

It is the duty of the ferrymen to see that the teams are safely driven on board the boat. and if he thinks proper, he may drive himself. or unharness the team, or unload the wagon, to get them safely on board.

But if the ferryman permits the party to drive himself, he constitutes him *quoad hoc*, his agent, and is responsible for all accidents.

And these rules apply to the delivery, as well as the receipt, of goods and passengers.

In an action against a ferryman to recover for injuries sustained in driving off from his boat, it is not incumbent on the plaintiff to prove that he exercised ordinary care to avoid the injury, but the proof of the want of such care on the part of the plaintiff lies on the defendant.

In an action against a ferryman, it was no error to allow the plaintiff to introduce the ferry license, after a motion for nonsuit, as this is a matter within the discretion of the Court.

It is no error in the Court to offer terms to the defendant.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Action for damages for injuries sustained by plaintiff in crossing defendant's ferry.

Defendant's counsel requested the Court to charge the jury, First— "That the plaintiff in passing over the ferry, and the landing and road therefrom, was bound to use prudence and caution and ordinary care, and if the jury believe from the testimony that at the time of the accident the plaintiff's wagon was defective, or that he drove or rode on the same carelessly, whereby the accident occurred, or either of these causes aided in producing it, then they must find for the defendant."

Second—"That the default of the defendant in not keeping the

road in good repair at his landing, will not excuse the plaintiff from using ordinary skill and caution in passing thereover."

Third—"That the plaintiff must show to the satisfaction of the jury, that the action and injury, of which he complains, was caused by the negligence, fault or default of the defendant, in which he, the plaintiff, had no agency, and did not in any manner contribute, and if he has failed by proof so to have shewn, then they must find for the defendant."

The Court refused the instructions and defendant's counsel excepted.

The Court charged the jury as follows: First—"A ferryman engaged in the transportation of passengers and goods for hire, is in law a common carrier, and as such, it is his duty to take care of them during their passage on the boat, and to have and provide good and safe landings for their ingress and egress."

Second—"That a distinction exists in the responsibility of the carrier of goods and the carrier of persons or passengers. The carrier of goods at common law stands in the situation of an insurer, and is responsible for every damage that may occur to the goods while they are in his custody, save and except such as are occasioned by the act of God or the public enemy. His entire faultlessness will not excuse him; thus he is liable for damages done by accidental fire or by robbery. It is a hard, inflexible rule of law, but resting, as the authorities say, upon principles of public policy and necessity, which it would be unsafe and unwise to disturb. The hardship of the rule, although in many cases it has apparently operated with very unjust severity, has never induced the Court to relax its vigor."

Third—"The carrier of persons undertakes to exercise all human care and foresight, and is responsible for all accidents and injuries which might have been avoided and prevented by human care and foresight."

Fourth—"The defendant has urged that the injuries happened by the breaking down of the wagon; that at the time, the plaintiff himself was driving, and had control of the wagon and horses. Does this change the defendant's responsibility? I think not. A ferryman has the right, if he wishes to avoid accidents, to drive on and off his boat, all wagons and carriages. He may unload a wagon, if he thinks it too

46

heavy, and take the goods and wagon on board separately. He has the right to provide how, and the mode and manner in which wagons loaded with goods and passengers, shall come on and go off his ferry-boat. If he permits the owner to drive it on or off, he constitutes him, *quoad hoc*, his agent, and is responsible for all accidents that human care and foresight could have prevented."

Fifth—" The defendant further urges that the accident was the result of intrinsic defects in the wagon of the plaintiff; and that the injuries resulted from said defects, and not from any defects in the landing. If you think that the evidence in the case supports this position, then plaintiff cannot recover; but if you believe that plaintiff's wagon would have carried the load which was on it, and himself, over an ordinary road, with safety and without injury, and that the condition of defendant's landing occasioned the accident, and that the same, by a reasonable effort and expense on the part of defendant, could have been improved, and the accident prevented, then defendant is liable for the damages resulting therefrom."

Sixth—" If the jury find for plaintiff, they should take into the estimate of damages the loss of plaintiff in consequence of the injury, the cost of surgical and medical attendance, his losses in time and property in consequence of the injury, so far only as they are shown in evidence to have resulted immediately from the injuries. That plaintiff cannot recover for the services of his wife and family in nursing him. Plaintiff is also entitled to recover for the injury to the limb and for his pain and suffering in consequence of the injury; but he cannot recover for any profits he might have derived from his business."

The defendant's counsel excepted to the first, third, fourth, fifth and sixth divisions of the charge and instructions.

The jury found for the plaintiff, and assessed the damages at $8,300. The Court overruled a motion for a new trial, and defendant appealed.

The remainder of the facts material to the points decided, appear in the opinion of the Court.

*G. N. Swezy* and *Z. Montgomery* and *L. Sanders*, for Appellant.

1. The defendant's were not liable as common carriers. Boyce *v.* Anderson, 2 Pet., 150. 7 Cush., 155. Clark *v.* McDonald, 4 McCord,

223. Briend v. Dale, 8 C. & P., 207. 7 Mon., 399. Smith v. Smith, 2 Pick., 621. 2 Bac. Ab., 151. Pomroy v. Donaldson, 5 Mo , 36.

2. The Court should have given the instruction requested by the defendant. Beatty v. Gillmore, 16 Penn., 463. 21 Wend., 619. 19 Ib., 400. 5 Hill, 282. 5 Denio, 266. Cowen's Treatise, 346. 2 Gr. Ev., § 473. Hanning v. The N. Y. and Erie R. R. Co., 13 Barb., 1. Spencer v. The Utica and Schenectady R. R. Co., 5 Ibid, 539. Lane v. Crowbill, 12 Pick., 176. Simpson v. Hand, 6 Whart., 325. Adams v. The Inhabitants of Carlisle, 21 Pick., 146. 12 Ibid, 177. 2 Pick, 64. Flower v. Adam, 2 Taunt., 314. Butterfield v. Forrester, 11 East., 60. Aurora R. R. Co. v. Grimes, 13 Ill., 587. French v. Brunswick, 21 Maine, 32. Kennard v. Benton, 25 Ib., 39. Farnham v. The Town of Concord, 2 N. H., 392. 9 Mass., 247. Brown v. Maxwell, 6 Hill, 592. Priestly v. Fowler, 3 Meeson and Welsby, 5. Farwell v. Boston and Worcester R. R. Co., 3 Met., 49. Asten v. Haven, 2 Esp., 533.

*Charles Lindley*, for Respondent.

1. A ferryman is a person who undertakes, for hire, to transport goods and passengers in ferry-boats, and holds himself out to the world as being engaged in such transportation, and is liable to the same rules which govern common carriers. Ang. on Carriers, § 82. Peixotti v. McLaughlin, 1 Strob., 468. Fisher v. Crisbee, 12 Ill., 344. Rutherford v. McGowen, 1 Nott and McCord, 158. Cohen v. Hume, 1 Ibid, 440. Littlejohn v. Jones, 2 McMull., 368. Story on Bail, § 496, Smith v. Stewart, 3 Barr, 342. Gardner v. Green, 8 Ala., 96. Babcock v. Beens, 3 Ib., 326, 392. Trent v. Cartersville Bridge Co., 11 Leigh, 521. Rich v. Kneeland, Cro. Jac., 330.

2. The Court properly refused the instructions. Lynch v. Nurdin, 1 Adolph & Ellis, 329. Hoelister v. Nowlen, 19 Wend., 234. Cole v. Goodwin, Ibid, 251. Pomeroy v. Donaldson, 5 Mo., 36. Thompson v. The Inhabitants of Bridgewater, 7 Pick., 187. Thoroburg v. Bryan, 13 Mees. and Welsby, 377.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The law regards ferrymen as common carriers, and has imposed upon them the same duties and liabilities. Willis v. Jones, 1 McCord, 105. Cohen v. Hume, Ibid, 440. Rutherford v. McGowen, 1 Nott & McCord, 17. Fisher v. Crisbee, 12 Ill., 344, and the cases there cited.

The principle deduced from these authorities is, that as soon as the ferryman signifies his assent or readiness to receive the passenger, that he becomes liable for his safe transit and delivery, and is chargeable with any accident occurring, except by act of God or the public enemy.

In two of the cases just cited, the accident occurred in driving into the flat or boat, and in both cases it was held to be the duty of the ferryman to see that the teams were safely driven on board of the boat. If, says the Court, in those cases, the ferryman thinks proper, he may drive himself, or may unharness the team, or unload them, for the purpose of getting them safely on board. But if he permits the party to drive himself, he constitutes him, *quoad hoc*, his agent, and is responsible for all accidents.

There can be no reason why this rule should not apply to the delivery, as well as to the receipt of goods or passengers.

A ferryman undertakes to safely transport passengers or freight from and to certain points, and from the moment that he receives until he has delivered his freight in a proper and safe manner, he will be liable. It is his duty to provide suitable boats and all the conveniences necessary for transportation.

By the sixteenth section of the Act regulating public ferries, it is made the duty of all ferry-keepers within this State to cause the banks of the river or creek to be dug sufficiently low, and kept in good passable order for the passage of man and horse, wagons, and other vehicles.

The duty and liability of the defendant being thus stated, it only remains to ascertain whether the present case comes within the rule laid down.

It appears from the evidence that the accident occurred by the breaking of the wagon, occasioned by a sudden pitch of the wheels from the apron of the boat, upon some rough logs, which were laid down as a track or road leading from the boat to the bank. Whether

the accident was occasioned by the carelessness of the ferryman or driver, or on account of some latent defect in the wagon, was a question of fact, upon which there was conflicting testimony, which was submitted to the jury.

The law of the case was correctly stated in the instructions of the Court below, and the defendant's instructions were properly refused. Much stress was laid in the argument upon the refusal of the Court to give the third instruction asked for by the defendant. The instruction does not embody the true rule of the law, but on the contrary it is held that it is not incumbent on the plaintiff to prove the exercise by him of ordinary care to avoid the injury, but that the proof of want of it on the part of the plaintiff, lies on the defendant; that he who avers a fact in excuse of his own misfeasance, must prove it. Beatty *v.* Gilmore, 16 Penn. St. Rep., 463.

There was no error in allowing the plaintiff to introduce the ferry license after motion of non-suit; this was a matter within the direction of the Court below, as we have often held before. There was no error in the Court in offering terms to the defendant. Such practice is frequent in every State, and often serves to quiet litigation.

The allegation that the defendant was taken by surprise, is not supported by the record. There is no affidavit of the fact, and nothing to show that he had employed that diligence to obtain the testimony of his witnesses which the law requires.

We are satisfied that this case has been fairly tried; that the law has been correctly laid down; and although the verdict may seem large, we have no power to interfere with it.

Judgment affirmed, with costs.