Griffith v. Cave.

---

## GRIFFITH *v.* CAVE.

A FERRYMAN who takes charge of a team driven upon his boat and directs an attempt to cross the stream, is liable as a common carrier for any loss that ensues in consequence of his negligence in the outfit or management of his boat, notwithstanding that the team was driven upon it at a time of peculiar danger and contrary to his express order.

In an action against a common carrier for negligence, evidence of a rule qualifying his duties under peculiar circumstances is inadmissible without first showing that the rule was known to the plaintiff either directly or constructively.

APPEAL from the Sixth Judicial District.

The facts are stated in the opinion.

——— ———, for Appellant.

I. Defendant, as a common carrier, had a right to refuse to go unless he could go with present safety. The owner of the property must obey the lawful commands of the ferryman in relation thereto. (Story on Bailments, Sec. 496 ; Angell on Carriers, Secs. 82, 165–290 ; 2 B. & McCord, S. C., 19.) Even after acceptance by carrier the owner is obliged to obey his orders in relation to the property. (1 McCord, S. C., 45.)

II.  The Court erred in its instructions to the jury.  (See authorities above cited.)

III.  Evidence of the rule governing this and other ferries on the river, in respect to crossing at the time of passage of steamers, should have been received.

*Geo. Cadwallader*, for Appellant.

I.  The proofs showed that defendant received and took charge of the teams.  The instructions of the Court upon this state of fact were correct.  (*May* v. *Hanson*, 5 Cal. 360; Angell on Carriers, Sec. 82; *Fairchild* v. *Cal. Stage Co.*, 13 Cal. 399.)

II.  The evidence offered to show a rule at this and other ferries was inadmissible, without first showing knowledge of the rule by plaintiff.  (Angell on Carriers, Secs. 244, 245; 6 How. 344.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action against the defendant, a ferryman, to recover the value of a pair of mules, harness, and wagon, lost from the defendant's ferry-boat, while crossing the Sacramento River.  The plaintiff recovered judgment, from which the defendant appeals.

The appellant contends that he refused to receive the teams at the time they drove on the ferry-boat, on account of the steamer being about to pass, but the evidence upon this point is conflicting. It shows, however, that both teams drove on the boat, and had proceeded, under the direction of the ferryman, a portion of the distance across the river, when the accident occurred.  This was sufficient to establish the fact that the defendant had accepted and received the property, and his liability as common carrier had fully attached when the loss accrued.  (*May* v. *Hanson*, 5 Cal. 360.)

The Court instructed the jury as follows: " If Griffith drove on the boat against the express order of the ferryman, it was the duty of the ferryman to refuse to take charge of the mules, or if he did take charge of them it was his duty to provide against loss in consequence of the swell of the water against the boat.  If it was, in his judgment, unsafe to cross and unsafe to leave them there, if he took charge of them, and did not like to leave them in the hands

of Griffith, he should have directed Griffith, or himself unhitched the mules and placed them in a position so there would be no danger. He might elect to leave Griffith to take the consequence of his refusal to obey the order, but if the ferryman took charge of them, and there was carelessness or negligence thereafter on his part, he would be responsible." The defendant then asked the Court to give the following, which was refused, and which is alleged as error: " If the plaintiff drove on the boat in violation of the express order of the ferryman, and there is a loss, the ferryman is not responsible. He is not compelled to leave his boat near the shore to be destroyed." To which the Court replied as follows: " If he took charge of the boat, pushed it in the stream and was crossing, I think he took charge of the boat and the load upon it, and if there was carelessness or negligence thereafter, he is liable."

The charge of the Court as given was certainly as favorable to the defendant as the law would justify. There was no error in refusing the instruction as asked by the defendant, because it predicated the exemption from liability upon the single fact that the plaintiff drove on the boat in violation of the express order of the ferryman, when that might be true, and still the ferryman may have accepted and received them afterwards, by which his liability would attach.

It is clearly the duty of a ferryman to provide suitable boats, and all the conveniences necessary to insure the safe transportation of persons and property. In the present case the defendant's boat was unprovided with any small boat or with any gates, ropes, or chains, to confine teams thereon, and prevent them from running or backing off the boat when in the stream; and the testimony renders it quite evident that the loss occurred for want of these necessary means of safety. It was clearly negligence on the part of the defendant in not providing such conveniences.

On the trial a witness was asked by the defendant, whether he knew of any regular established rule or practice at the ferry in reference to steamers passing, to which the plaintiff objected, unless the rule was posted up, or the plaintiff had special knowledge of it, and the Court sustained the objection; and, also, as to proof of rules prevailing at other ferries upon the Sacramento River upon

the same subject, and this is assigned as error. It is clear that proof of the rules of other ferries was inadmissible. It is essential in all such cases that the notice of any rule upon such subject shall be brought home to the person employing the carrier, either directly or constructively. (Angell on Carriers, Sec. 247.) In the present case the defendant did not offer to show that the plaintiff had any direct or indirect notice of the alleged rule, and that there was, therefore no error in excluding the evidence.

Judgment affirmed.