SOUTHERN PAC. R. CO. v. TOWNSEND et al.

(Circuit Court, S. D. California. May 28, 1894.)

REMOVAL OF CAUSES— FEDERAL QUESTION—CODEFENDANT NOT JOINING IN APPLICATION.

A suit to enforce a contract for sale of land, brought by the vendor, claiming title under a grant by act of congress, against the purchaser and another to whom he had conveyed, who contests complainant's claim under such act, presents a case arising under the laws of the United States, which is removable on petition of such defendant alone, although the purchaser, not joining in the petition, is not a merely nominal party, and complainant is entitled to proceed to judgment against him.

This was a suit by the Southern Pacific Railroad Company against James R. Townsend and Big Rock Creek Irrigation District, a corporation, to enforce a contract for the sale of land by complainant to defendant Townsend. The suit was brought in a court of the state of California, and, after the filing of a demurrer by defendant Townsend, was removed, on petition of defendant Big Rock Creek Irrigation District, to the circuit court of the United States. Complainant moved to remand the cause to the state court.

Joseph D. Redding, for complainant.

Joseph H. Call and Anderson & Anderson, for defendants.

ROSS, District Judge. This suit was brought in the superior court of Los Angeles county. To the bill, James R. Townsend and a corporation styled Big Rock Creek Irrigation District are made defendants, and in it it is alleged that at a certain stated date the complainant was the owner and seised in fee of certain lands designated according to subdivisions of the public surveys of the United States, situated in Los Angeles county, Cal., and aggregating 1,435.68 acres, which the complainant then agreed in writing to sell, and defendant Townsend to buy, for the sum of $3,589.20 in United States gold coin, of which sum Townsend, at the time, paid $717.84. The remainder of the purchase money was, by the terms of the contract, to be paid at certain designated dates, with interest thereon, as provided for. The contract provided that the vendee should have the immediate possession and enjoyment of the property, in consideration of which he should pay all taxes and assessments imposed thereon, and, upon the full performance on the part of Townsend, his legal representatives or assigns, of his part of the contract, the complainant should execute to him, his heirs or assigns, "upon request and the surrender of this contract, a deed of grant, bargain, and sale for the conveyance of said premises, reserving all claim of the United States to the same as mineral land." The bill alleges that the defendant Townsend failed to make any of the deferred payments at maturity, or at all, and failed to pay any interest thereon, and that the whole of such payments, together with the interest thereon, remain unpaid. It alleges that on October 19, 1892, complainant demanded of him payment of the several sums due under the contract, and, at the time of demanding such payment, tendered to him a good and sufficient grant, bargain, and sale deed conveying the lands

from the complainant to him in conformity with the terms of the con-
tract, upon the return and surrender of the duplicate original con-
tract then in his hands, the return of which complainant, at the time,
requested. The bill further alleges that defendant Townsend en-
tered into possession of the property under the contract, and still
continues in such possession; that complainant is, and always has
been, willing and ready and able to perform all of its part of the
agreement, and, upon the full performance by the said defendant
of his part thereof, to execute to him its grant, bargain, and sale
deed for the property, and offers to execute, and bring into court
to be delivered to the defendants, or either of them entitled thereto,
such deed, on the full performance on the part of the vendee of all
of the conditions of the contract. The bill further alleges, on infor-
mation and belief, that the defendant Big Rock Creek Irrigation Dis-
trict claims to have some interest in the contract, "and in fact is now
the assignee of the said defendant James R. Townsend; that wheth-
er this be so or not the plaintiff is not fully informed at the pres-
ent time, and therefore demands of said defendant the Big Rock
Creek Irrigation District to make answer to this complaint, set-
ting forth what interest it- or they have in said contract and land
mentioned therein, and furthermore, if they are the assignees of
the said defendant James R. Townsend, that the allegations of this
complaint may apply to it or them likewise, and that they may be
called upon to perform the said contract in all of its terms; and the
plaintiff herewith offers to the said Big Rock Creek Irrigation District
a grant, bargain, and sale deed for said land, duly executed, which
shall be delivered to said defendant upon the performance of all
the terms of said- contract and the surrender of same." The prayer
of the bill is for judgment that there is due to (from) defendant
Townsend to plaintiff, upon the contract, $3,876.31, being the
amount of the deferred payments, with interest; that he be required
to make the payment thereof within 30 days from the entry of the
decree, and otherwise perform the conditions of the contract; and
that, in the event of his failure so to do within that period, de-
fendant Townsend, and all persons holding the premises under him,
be forever barred and foreclosed of all right, interest, and claim in
and to the property under and by virtue of the contract, and be
barred and foreclosed of all right to a conveyance thereafter; and
that complainant be let into possession of the property; and that
the contract be annulled; and for such other and further relief as
the court may deem just and equitable. Within due time the defend-
ant Townsend filed a demurrer to, the bill, and the defendant Big
Rock Creek Irrigation Company filed a petition for the removal of
the suit, pursuant to the act of congress approved March 3, 1887, to
this court, upon which petition an order of removal was made. A
motion to remand the case to the superior court is now made by the
complainant.

The petition for removal set up that the defendant Big Rock
Creek Irrigation Company was, at the time of the commencement
of the suit,—November 1, 1892,—and still is, a corporation organized
and existing under an act of the legislature of the state of California

approved March 7, 1887, entitled "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition of water and other property and for the distribution of water thereby for irrigation purposes;" that the plaintiff executed to the defendant Townsend the contract set up in the bill; and "that prior to the commencement of this suit, and after the execution of said contract, said Townsend, for a valuable consideration, did sell and convey unto your petitioner, by a good and sufficient deed, all his right, title, and interest in and to said lands." The petition alleges that the complainant claims to own the lands in question in fee simple, under and by virtue of the act of congress approved March 3, 1871, entitled "An act to incorporate the Texas & Pacific Railroad Company, and to aid in the construction of its road, and for other purposes" (16 Stat. 573), but denies that complainant owns the said lands, or acquired any interest therein, under that act of congress or any other act, for the reason, among other reasons, that the lands in question were not, at the time that act took effect, public lands of the United States, but were reserved lands, to which other parties had acquired rights. It avers that the suit not only involves the construction of the act of congress of March 3, 1871, but also the act of congress approved March 3, 1891, entitled "An act to repeal timber culture laws, and for other purposes" (26 Stat. 1095), with the provisions of which act petitioner alleges it has complied, and under and in accordance with sections 18 to 21 of which "it is in the actual possession and occupancy of the said lands described in the complaint herein, and holds the same for right of way for ditches and canals and for reservoir purposes." The petition further alleges that the defendant Big Rock Creek Irrigation Company has located its ditches, canals, and reservoirs upon the lands in question, and holds the whole thereof for those purposes; that, at the time they were so appropriated by defendant company, they were public lands of the United States, but that that fact is denied by the complainant. The petition further alleges that the defendant Townsend is a nominal party to the suit, and that the petitioner is the real party in interest therein, and that the value of the property in controversy exceeds in amount that necessary to give this court jurisdiction of the case.

The purpose of the suit is the enforcement of the contract into which complainant and the defendant Townsend entered, to compel him to make the payments he stipulated to make, and to obtain a decree fixing a time within which he or his assignee shall make such payments, and receive the conveyance the complainant contracted to make, and, in the event that the defendants fail to make such payments, that all rights acquired by them under the contract be barred and foreclosed, and the complainant be restored to the possession of the property that was conferred by the contract. Townsend demurred to the bill, but did not join in the petition for removal. It is said on behalf of the defendant corporation, on whose petition the case was removed, that he is a mere nominal party, and must be so regarded, because of the allegation of the petition that after the execution of the contract, and before

the commencement of the suit, "Townsend, for a valuable consideration, did sell and convey unto your petitioner, by a good and sufficient deed, all his right, title, and interest in and to said lands." There is no admission by Townsend of such conveyance, as there was of the tenancy of Smale in the case of Mitchell v. Smale, 140 U. S. 409, 11 Sup. Ct. 819, 840, relied on by counsel. As the case stands, Townsend not only has the right to be heard respecting the contract upon which the bill is based, but the complainant seeks thereby to compel him to pay the money he is alleged to have agreed to pay, and is entitled to insist on prosecuting its action against him, as well as against the corporation defendant, in order that, if it should be successful, there may be no failure of a complete recovery of the relief sought. It is clear, therefore, that Townsend cannot be regarded as a nominal party. It is only by reason of its claim through him that the defendant corporation was made a party defendant. Its rights under the alleged conveyance from Townsend are subordinate to the contract under which he held, and the taking and holding under that contract constituted it complainant's licensee, and estopped it, during the existence of that relation, from asserting adverse rights under the act of congress approved March 3, 1891, entitled "An act to repeal timber culture laws, and for other purposes." Lewis v. Hawkins, 23 Wall. 119; Burnett v. Caldwell, 9 Wall. 293. It is a mistake to say, as does counsel for the defendant corporation, that the petition shows that the deed from Townsend to the corporation was a quitclaim deed, and that the defendant corporation, while claiming under the act of congress of March 3, 1891, simply bought in that outstanding claim of title. That is by no means the case presented by the petition. On the contrary, it sets up the contract between the complainant and Townsend; alleges that, after the making of that contract, and before the commencement of the suit, Townsend, for a valuable consideration, sold and conveyed to the defendant corporation, by a good and sufficient deed, all of his right, title, and interest in and to the lands; and then says that the complainant never had any title or interest in the lands to convey, because its claim to them is under the act of congress of March 3, 1871, granting certain lands to complainant to aid in constructing its road, within which grant the lands in controversy did not fall because they were at the time reserved lands, to which other parties had acquired rights; and further sets up that defendant corporation itself has acquired rights to, and interest in, the lands in controversy under and by virtue of the subsequent act of congress of March 3, 1891, entitled "An act to repeal timber culture laws, and for other purposes."

A deed by which a party sells and conveys all of his right, title, and interest in land is not necessarily a quitclaim deed; nor is it to be inferred, in support of the asserted jurisdiction of the circuit court, that the claims of the defendant corporation under the act of March 3, 1891, antedated the alleged conveyance from Townsend to it. The motion to remand the case would, therefore, be granted, but for the allegations of the petition respecting the act of congress of March 3, 1871, under and by virtue of which it is alleged the com-

plainant claims title to the lands in question, its right to which is a legitimate subject of inquiry in the suit brought by it to enforce the contract for its sale. The petition shows that the controversy respecting that matter necessarily involves the consideration of the act of congress of March 3, 1871, exhibiting, as it does, a claim under that act on the part of the complainant, which is contested by the removing defendant. It therefore presents a case arising under the laws of the United States, and so removable to this court, unless the fact that there is another defendant who did not join in the petition defeats the removal. But that a single defendant may in such a case bring it to the federal court seems to have been decided by the supreme court in the case of Mitchell v. Smale, 140 U. S. 406, 11 Sup. Ct. 819, 840. That was an action of ejectment brought by a citizen of Illinois in the circuit court of Cook county of that state against three defendants,—J. G. Smale, and John I. and Frank I. Bennett. After service of process on the defendants, one Jordan appeared specially, and moved that he be substituted as sole defendant. The motion was made upon an affidavit of Jordan that the Bennetts had no interest, having conveyed the property to him before the suit was commenced, and that Smale was a mere tenant under him (Jordan), and had no other interest. The court denied the motion, and thereupon Jordan, on his own motion, was admitted to defend the cause as landlord and as codefendant. Afterwards, and in due time, Jordan filed a petition under the act of 1875 for the removal of the cause into the circuit court of the United States, alleging, as a ground of removal, that the plaintiff was a citizen of Illinois, and that he (Jordan) was a citizen of New York, and sole owner of the property, and that the sole controversy in the case was between him (Jordan) and the plaintiff. stating the facts previously affirmed in his affidavit as to the want of interest in the Bennetts and the tenancy of Smale. Objections to the removal being made by the plaintiff. Jordan asked and obtained leave to amend his petition, and filed an amended petition setting out, in addition to the facts stated in his original petition, the following matter, to wit:

"Your petitioner states that said suit is one arising under the laws of the United States, in this, to wit: That plaintiff seeks, in and by said suit, to recover lands embraced in a survey of public lands made by the government of the United States in 1874, embracing a part of said section twenty (20), tp. 37 N., R. 15 E., 3d P. M., in Illinois, and patents issued under said survey, under which your petitioner deraigned title in fee simple before the commencement of said suit, and in him then vested by conveyance from the patentee; that the plaintiff claims that he is seised of the fractional tract described in the declaration as the grantee of one Horatio D. De Witt; that the said survey, patents, and deeds of petitioner are not made in pursuance of the acts of congress and laws of the United States relating to the surveying and disposition of the public lands of the United States, and that said act of congress and laws have been misconstrued by the said land department and disregarded, and that said survey, patents. deeds, and the proceedings of the land department are illegal and void, and in violation of the contract rights of said Mitchell under the laws of the United States; that, by virtue of the alleged ownership of said fractional tract described in the declaration, he (the plaintiff), under and in pursuance of said act of congress and laws of the United States, is also the owner of said lands so owned by your petitioner by virtue of said survey of 1874, and patents and deeds thereunder. This

petitioner claims title in fee to said lands other than said fractional tract by virtue of said survey of 1874, said patents, and deeds issued thereunder in pursuance of the act of congress aforesaid and laws of the United States, and therefore states that said suit is one arising under the laws of the United States entitling this petitioner to a removal of the suit under the act of congress" of March 3, 1875, for that cause alone.

The court said:

"Whether the facts stated in the original petition for removal were sufficient for that purpose may perhaps admit of some question. The plaintiff was alleged to be a citizen of Illinois, and the defendant Jordan a citizen of New York. The citizenship of the other defendants was not mentioned, though it is understood they were residents of Illinois. It is clear, therefore, that the case was not removable unless the interest of Jordan was so separate and distinct from that of the other defendants that it could be fully determined, as between him and the plaintiff, without the presence of the others as parties in the case. As he alone, according to his statement, had the title, and as Smale was merely his tenant, if this relation was admitted by Smale (as it was), there would seem to be no good reason why the contest respecting the title might not have been carried on between him and the plaintiff alone, so far as Smale was concerned.   *   *   *   As to the other defendants,—the Bennetts,—there may have been greater difficulty in sustaining a removal. They were made defendants, apparently in good faith, and were not acknowledged to be tenants of Jordan; and the plaintiff might well insist on prosecuting his action against them, as well as against Jordan, in order that, if he should be successful, there might be no failure of a complete recovery of the land claimed by him."

The manifest view of the court was that the Bennetts were proper parties, as to whom the plaintiff had the right to proceed to judgment. They did not join in the petition for removal, yet the court held that the additional ground of removal stated in the amended petition was sufficient to authorize the removal to be made.

"It states [said the court] very clearly that the controversy between the parties involved the authority of the land department of the United States to grant the patent or patents under which the defendant claimed the right to hold the land in dispute after and in view of the patent under which the plaintiff claimed the same land. This, if true, certainly exhibited a claim by one party, under the authority of the government of the United States, which was contested by the other party on the ground of a want of such authority. In the settlement of this controversy, it is true the laws of the state of Illinois might be invoked by one party or both, but it would still be no less true that the authority of the United States to make the grant relied on would necessarily be called in question. We are therefore of opinion that the ground of removal now referred to presented a case arising under the laws of the United States, and so within the purview of the act of 1875."

The decision of the supreme court in the case of Mitchell v. Smale is applicable to the removal in question, and, upon the authority of that case, the motion to remand is denied.