### ROSS v. PACIFIC S. S. CO.

(District Court, D. Oregon. April 4, 1921.)

No. 8731.

Admiralty ☞2—Removal of causes ☞72—Common-law action for personal injuries on vessel held properly brought in state court.

　For a personal injury sustained on board a vessel in port there exists a common-law remedy within the meaning of Judicial Code, § 24 (3), being Comp. St. § 991 (3), and an action to recover for such injury brought in a state court, in which the amount sued for is less than $3,000, is not removable on the ground that the admiralty jurisdiction is exclusive.

At Law. Action by Henry Ross against the Pacific Steamship Company. On motion to remand to state court. Motion granted.

William P. Lord, of Portland, Or., for plaintiff.

Grosscup & Morrow and Charles A. Wallace, all of Tacoma, Wash., for defendant.

WOLVERTON, District Judge. This is an action instituted in the state court to recover damages for injuries received by plaintiff while engaged as a longshoreman in the stowage of cargo on the steamship City of Topeka. The ship was lying in the navigable waters of the Willamette river, at the port of Portland, and the services being rendered at the time of the injury were maritime in character. The damages alleged and claimed for the injuries sustained aggregate $2,990, and no more. On defendant's petition the cause was removed to this court. The plaintiff now moves to remand, on the ground that, although the case is one wherein there is a diversity of citizenship, the amount involved is not sufficient to confer jurisdiction upon a federal court.

It is the contention of the defendant that the cause, being maritime, is wholly within admiralty jurisdiction, to the exclusion of all other courts. The question has been practically disposed of by the recent decision of Judge Bean in the case of Crane v. Pacific Steamship Co., 272 Fed. 204. The act (Judicial Code, § 24 [3], being Comp. St. § 991 [3]) which confers admiralty jurisdiction upon the District Courts saves "to suitors in all cases the right of a common-law remedy where the common law is competent to give it."

While this is not a remedy in the common-law courts which is saved,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

but a common-law remedy (The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397), nevertheless it is perfectly competent, within the clause, to sue in a common-law court, and as well in a state court, where the remedy is such that the common law is competent to administer it (The Hamilton, 207 U. S. 398, 404, 28 Sup. Ct. 133, 52 L. Ed. 264). The principle is recognized also in Knapp, Stout & Co. v. McCaffrey, 177 U. S. 638, 20 Sup. Ct. 824, 44 L. Ed. 921, and in Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171.

A remedy, according to Bouvier, is "the means employed to enforce a right or redress an injury." Pomeroy says:

"Remedies, in their widest sense, are either the final means by which to maintain and defend primary rights and enforce primary duties, or they are the final equivalents given to an injured person in the place of his original primary rights which have been broken, and of the original primary duties towards him which have been unperformed." Pomeroy's Remedies and Remedial Rights, § 2.

Instances are given in Knapp, Stout & Co. v. McCaffrey, supra, 177 U. S. 644, 20 Sup. Ct. 824, 44 L. Ed. 921, where a common-law remedy will lie. These are illustrative. So, too, is section 723, Revised Statutes (Comp. St. § 1244), which provides that:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

Also section 10, article 1 (being a part of the Bill of Rights), of the Oregon Constitution, where it is declared that:

"Every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

That a common-law remedy lies for a personal injury sustained will scarcely be questioned. The remedy is in personam, or against the person, for damages, and not in rem, whereby a lien is to be enforced against the thing. Common law is competent to give the former, while it is not as respects the latter. This does not comprise the rules by which to determine the competency of the evidence for ascertaining the relief to be administered. Those rules are subject to change by local statutes, and are dependent upon the nature of the cause through which the relief is sought.

It is argued that under the common-law remedies contributory negligence on the part of plaintiff absolutely bars recovery, whereas under the maritime law it only operates to accomplish a division of damages. So, also, under the common law, all members of the ship's company, save only the captain, are fellow servants, no matter what their relative stations may be. This is but confusing the evidence upon which the relief is to be sustained with the remedy which it is sought to have enforced.

I take it that, where injury ensues upon water within the maritime jurisdiction, the evidence necessary to support the remedy for damages arising from the injury is to be ascertained by the rules applicable to

maritime torts, and this whether the action be at common law under the saving clause or in rem in admiralty against the ship. Whatever these rules may be, it is obvious that the common law is competent to apply them, and at the same time to administer the common-law remedy. The quantum of relief may not be the same, where the tort is maritime, as where it is upon land; but the common law is competent to give the remedy.

As to the amount involved in the controversy, that is made a condition precedent to jurisdiction of the federal court, where the removal is based upon a federal question as well as upon diversity of citizenship.

The motion to remand will be sustained.