RODRIGUEZ

v.

UNION OIL CO. OF CAL. et al.

Civ. No. 16790.

United States District Court
S. D. California, Central Division.

May 28, 1954.

16. The Grecian (City of Chattanooga), 2 Cir., 1935, 78 F.2d 657, 1935 A.M.C. 1039.

Robert A. Wenke, Long Beach, Cal., for plaintiff.

McCutchen, Black, Harnagel & Greene, Philip K. Verleger, Los Angeles, Cal. for petitioner Union Oil Co. of Cal.

Allan F. Bullard, San Pedro, Cal. Roger Arnebergh, City Atty. City of Los Angeles, Arthur W. Nordstrom, Asst. City Atty., C. N. Perkins, Deputy City Atty., Los Angeles, Cal., for petitioners city of Los Angeles and Sylvester P. DiRocco.

MATHES, District Judge.

This cause having been removed to this court pursuant to 28 U.S.C. §§ 1441 (a), (b), 1446, from the Superior Court of the State of California, in and for the County of Los Angeles, upon the petition of defendants Union Oil Company of California, the City of Los Angeles and Sylvester P. DiRocco, and it appearing to the court:

(1) that plaintiff commenced this action in the State Court to recover damages for personal injuries alleged to have been sustained as a proximate consequence of a tort of maritime nature, namely, the alleged negligence of all the defendants, claimed to have been committed aboard vessels plying navigable waters of Los Angeles Harbor, at a time

when plaintiff was a "paid passenger" on one of the vessels. See: Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202; Caldarola v. Eckert, 1947, 332 U.S. 155, 157, 67 S.Ct. 1569, 91 L.Ed. 1968; Gonsalves v. Morse Dry Dock & Repair Co., 1924, 266 U.S. 171, 172, 45 S.Ct. 39, 69 L.Ed. 228; Atlantic Transport Co. of West Virginia v. Imbrovek, 1914, 234 U.S. 52, 60–62, 34 S.Ct. 733, 58 L.Ed. 1208; Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212, 216–218, 30 A.L.R.2d 1385;

(2) that the diversity jurisdiction of this court is not invoked as a ground for removal, 28 U.S.C. §§ 1332(a) (1), 1441(b), and diversity of citizenship does not appear from the record to exist, 28 U.S.C. § 1332; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69–70, 76–77, 62 S.Ct. 15, 86 L.Ed. 47; Steigleder v. McQuesten, 1905, 198 U.S. 141, 143, 25 S.Ct. 616, 49 L.Ed. 986; Parker v. Overman, 1855, 18 How. 137, 141, 59 U.S. 137, 141, 15 L.Ed. 318; Mullen v. Torrance, 1824, 9 Wheat. 537, 538, 22 U.S. 537, 538, 6 L.Ed. 154;

(3) that as ground for removal the petition asserts that "plaintiff's cause of action arises under the * * * general maritime law" and is a civil action "of which the district courts have original jurisdiction [because] founded on a claim * * * arising under the Constitution * * * or laws of the United States", within the meaning of 28 U.S.C. § 1441(b). See: U.S.Const. Art. III, § 2; 28 U.S.C. §§ 1331, 1333; Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 386, 44 S.Ct. 391, 68 L.Ed. 748; Knickerbocker Ice Co. v. Stewart, 1920, 253 U.S. 149, 157–161, 40 S.Ct. 438, 64 L.Ed. 834; Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839–842; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662;

■ (4) that in his complaint plaintiff does not invoke the "general maritime law", but apparently invokes common and statutory law of California, see: Griffith v. Cave, 1863, 22 Cal. 534; May v. Hanson, 1855, 5 Cal. 360; Cal. Civ.Code, § 2085 et seq.; Cal.Harb. &

Nav.Code, §§ 100 et seq., 240 et seq., 420 et seq.; and it has long been held that "the party who brings a suit is master to decide what law he will rely upon * * *." The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716;

■ (5) that assuming, as alleged in the petition for removal [cf. Wilson v. Republic Iron & Steel Co., 1921, 257 U.S. 92, 97–98, 42 S.Ct. 35, 66 L.Ed. 144], that the case at bar arises under "the general maritime law", this court would have exclusive jurisdiction of the cause of action, since the Federal Courts "have original jurisdiction, exclusive of the courts of the States, of * * * any civil case of admiralty or maritime jurisdiction * * *." 28 U.S.C. § 1333; see: Madruga v. Superior Court, 1954, 346 U.S. 556, 560–561, 74 S.Ct. 298; Red Cross Line v. Atlantic Fruit Co., 1924, 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582; Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 383–384, 38 S.Ct. 501, 62 L.Ed. 1171; Atlantic Transp. Co. of West Virginia v. Imbrovek, supra, 234 U.S. at pages 62–63, 34 S.Ct. at page 735, 58 L.Ed. 1208; The Hine v. Trevor, 1867, 4 Wall. 555, 568–569, 71 U.S. 555, 568–569, 18 L.Ed. 451; Lorang v. Alaska S. S. Co., D.C.W.D. Wash.1924, 298 F. 547, 548; Young v. Clyde S. S. Co., D.C.S.D.Fla.1923, 294 F. 549; cf. The Steamboat New World v. King, 1853, 16 How. 469, 57 U.S. 469, 14 L.Ed. 1019; Doucette v. Vincent, supra, 194 F.2d 834; Jordine v. Walling, supra, 185 F.2d 662; Sound Marine & Machine Corp. v. Westchester County, 2 Cir., 1938, 100 F.2d 360, 361, though the plaintiff is saved "all other remedies" to which he is "otherwise entitled" 28 U.S.C. § 1333(1), such as remedies arising under the common law. See: North Pac. S. S. Co. v. Industrial Accident Comm., 1917, 174 Cal. 346, 163 P. 199; Ross v. Pacific S. S. Co., D.C.Or. 1921, 272 F. 538; and statutes of the State, see: Cal.Civ.Code § 2085 et seq.; Cal.Harb. & Nav.Code §§ 100 et seq., 240 et seq., 420 et seq.;

(6) that no civil action is subject to removal, unless it appears from the record upon the filing of the petition for removal, not only that the action is one in which the Federal court could have exercised original jurisdiction at the time of removal, Metcalf v. City of Watertown, 1888, 128 U.S. 586, 588–590, 9 S.Ct. 173, 32 L.Ed. 543, but also that the action is one in which the State court has jurisdiction over the subject matter at the time of removal, Freeman v. Bee Machine Co., 1943, 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L.Ed. 1509; State of Minnesota v. United States, 1939, 305 U.S. 382, 388–389, 59 S.Ct. 292, 83 L.Ed. 235; Lambert Run Coal Co. v. Baltimore & O. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671;

(7) that if it be assumed, as alleged in the petition for removal, that plaintiff's cause of action arises "under the Constitution * * * or laws of the United States", 28 U.S.C. § 1331, within the meaning of 28 U.S.C. § 1441(b) [see: Doucette v. Vincent, supra, 194 F.2d at pages 839–842; cf. Just v. Chambers, 1941, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903; Uravic v. F. Jarka Co., 1931, 282 U.S. 234, 240, 51 S.Ct. 111, 75 L.Ed. 312; Millers' Indemnity Underwriters v. Braud, 1926, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470; Western Fuel Co. v. Garcia, 1921, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; Grant Smith-Porter Ship Co. v. Rohde, 1922, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321; Southern Pac. Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086; Belden v. Chase, 1893, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218; The Max Morris, 1890, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586; Schoonmaker v. Gilmore, 1880, 102 U.S. 118, 26 L.Ed. 95; The S. S. Samovar, D.C.N.D.Cal.1947, 72 F.Supp. 574, 583–586], and that as such it is subject to removal to the law side of this court where there can be saved to the suitor "all other remedies" to which he is "otherwise entitled" than under "admiralty or maritime jurisdiction," 28 U.S.C. § 1333, including trial by jury, cf. Jordine v. Walling, supra, 185 F.2d at pages 667–671, the fact remains, as appears from the record, that defendant Oscar M. Tomter has been sued by plaintiff as an alleged joint tort-feasor with all other defendants, and has not joined in the petition for removal;

(8) that it is alleged in the petition for removal that defendant Tomter has not been served, but there is no allegation that either he or any other defendant was fraudulently joined. See: McAllister v. Chesapeake & O. Ry. Co., 1917, 243 U.S. 302, 310–311, 37 S.Ct. 274, 61 L.Ed. 735; Chicago, R. I. & P. R. Co. v. Schwyhart, 1913, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473; Smith v. Southern Pac. Co., 9 Cir., 1951, 187 F.2d 397, 400–402;

(9) that in cases "arising under the Constitution * * * or laws of the United States" 28 U.S.C. §§ 1331, 1441 (b) all defendants, other than merely nominal parties, whether served or not, must join in the petition for removal, see: 28 U.S.C. § 1441(a); Matter of Dunn, 1909, 212 U.S. 374, 387, 29 S.Ct. 299, 53 L.Ed. 558; Gableman v. Peoria, D. & E. Railway Co., 1900, 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220; Chicago, R. I. & P. R. Co. v. Martin, 1900, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Sheets v. Shamrock Oil & Gas Corp., 5 Cir., 1940, 115 F.2d 880, 883, affirmed 1941, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; Bailen v. Deitrick, 1 Cir., 1936, 84 F.2d 375, 376, certiorari denied, 1936, 299 U.S. 579, 57 S.Ct. 44, 81 L.Ed. 427; John Hancock Mut. Life Ins. Co. v. United, etc., Workers of America, D.C.D.N.J.1950, 93 F. Supp. 296, 307; Driscoll v. Burlington-Bristol Bridge Co., D.C.D.N.J.1949, 82 F.Supp. 975, 984; Heckleman v. Yellow Cab Transit Co., D.C.E.D.Ill.1942, 45 F. Supp. 984, 986; Edelstein v. New York Life Ins. Co., D.C.S.D.N.Y.1939, 30 F. Supp. 1, 2; Metcalf v. Bardo Coal Co., D.C.E.D.Ky.1939, 28 F.Supp. 1, 2; Hillis v. Rice, D.C.E.D.Mo.1939, 25 F.Supp. 813, 815; but cf. Mitchell v. Smale, 1891, 140 U.S. 406, 407–410, 11 S.Ct. 819, 35 L.Ed. 442; Southern Pac. R. Co. v. Townsend, C.C.S.D.Cal.1894, 62 F. 161, 165; S. E. Overton Co. v. International Broth.

of Teamsters, etc., D.C.W.D.Mich.1953, 115 F.Supp. 764, 772;

■ (10) that the right of removal must appear from the record at the time of filing of the petition for removal, Graves v. Corbin, 1890, 132 U.S. 571, 590–591, 10 S.Ct. 196, 33 L.Ed. 462; Crehore v. Ohio & M. Ry. Co., 1889, 131 U.S. 240, 244–245, 9 S.Ct. 692, 33 L.Ed. 144;

■■ (11) that the scope of the removal statutes must be strictly construed, American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 7–14, 71 S.Ct. 534, 95 L.Ed. 702 and, inasmuch as facts requisite to federal jurisdiction, Fed.Rules Civ.Proc. Rule 8(a) (1), 28 U.S.C.A., do not affirmatively appear, Robertson v. Cease, 1878, 97 U.S. 646, 648–650, 24 L.Ed. 1057; Ex Parte Smith, 1876, 94 U.S. 455, 456, 24 L.Ed. 165, this court of limited jurisdiction, Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214, presumably lacks jurisdiction of the cause. Bors v. Preston, 1884, 111 U.S. 252, 255, 4 S.Ct. 407, 28 L.Ed. 419; Grace v. American Central Ins. Co., 1883, 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Turner v. Bank of North America, 1800, 4 Dall. 7, 11, 4 U.S. 7, 11, 1 L.Ed. 718; New York Life Ins. Co. v. Kaufman, 9 Cir., 1935, 78 F.2d 398, 400;

■ (12) that since want of federal jurisdiction would make futile the litigation of any of the issues in this court, every doubt should be resolved in favor of remand. See: Missouri Pac. R. Co. v. Fitzgerald, 1896, 160 U.S. 556, 16 S.Ct. 389, 40 L.Ed. 536; Breymann v. Pennsylvania, etc., R. Co., 6 Cir., 1930, 38 F.2d 209, 212; Albi v. Street & Smith Publications, 9 Cir., 140 F.2d 310; East Coalinga Oil Fields Corp. v. Pure Oil Co., D.C.S.D.Cal.1946, 66 F.Supp. 716, 718;

It Is Ordered, upon the Court's own initiative, that this case is hereby remanded to the Superior Court of the State of California, in and for the County of Los Angeles, 28 U.S.C. §§ 1441, 1447.

It Is Further Ordered that the Clerk this day serve a certified copy of this order of remand by United States mail on the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles in accordance with 28 U.S.C. § 1447(c).

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in. this cause..