## THE MARS.

(District Court, E. D. Pennsylvania. June 15, 1905.)

### No. 47.

SEAMAN—INJURY IN COURSE OF DUTY—LIABILITY OF VESSEL.

A tug is not liable for an injury to a fireman received accidentally while tightening nuts on the machinery, which was in general good repair—the work being such as he was familiar with, and not in itself dangerous—but is liable for the expense of his cure, and his maintenance in the meantime while he is disabled.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, §§ 39–42, 187.]

In Admiralty.

Howard M. Long, for libelant.

J. Frank Staley, John F. Lewis, and Francis C. Adler, for respondent.

HOLLAND, District Judge. The libelant brought suit to recover damages for personal injuries received by him while at work as a fireman upon the tug Mars on or about March 30, 1904. The libelant was hired by the owners of said tug to work as a fireman on the 29th day of March, 1904, and went on board that evening. He went on watch at midnight of March 30th, and about 1 o'clock on March 31st the libelant and another fireman were engaged in hoisting ashes from the fireroom to the deck of the tug by means of a steam hoist. While engaged in hoisting the ashes, the valve in the stuffing box was whistling, and steam was issuing thereout. The second engineer ordered the libelant to fix the valve, and he at first refused; but, upon the engineer insisting that he must go, the libelant obeyed the order. He had performed the same kind of work before, and knew the nature of it. The escape of the steam indicated that the nuts on the valve of the stuffing box required tightening, in order that the packing might prevent the escape of the steam, and the libelant knew how this was done.

There is considerable evidence offered for the purpose of showing that the machinery was generally out of order, but I am not convinced that this was the case. It was the ordinary experience with machinery that requires constant attention in order that it may be kept up to the standard. It was not defective or out of repair to an extent that the tug would be liable for any injuries resulting therefrom, and for this reason we do not think the respondent is liable to the libelant in damages for the injury. There was no failure on the part of the owners of the tug to furnish an entirely safe place for the libelant to do his work, and the machinery about which he was working and the implements used in the performance of his work were safe and in good condition, save and except the ordinary current repairs necessary to keep them in such condition. The injury to the libelant was the result of an accident while performing certain work with which he was acquainted, and which should have been performed in a careful manner to avoid the very injury he re-

ceived. He is therefore not entitled to recover damages against the respondent.

The libelant, however, is entitled, under the prayer for general relief, to recover for his maintenance and cure, and whatever cost he has incurred for that purpose can be awarded to him in this proceeding. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; McCarron v. Dominion Atlantic Railway Co. (D. C.) 134 Fed. 762; The Troy (D. C.) 121 Fed. 901; The Kenilworth (D. C.) 137 Fed. 1003.

The evidence, however, fails to show what, if any, moneys have been expended by the libelant in maintenance and cure, and we do not think that it is necessary to refer this matter to a commissioner for that purpose. We will allow the libelant until August 1, 1905, to take further testimony to show the amount he has already expended for this purpose, and any further sum, if any, required to be expended in order to effect a cure, so far as medical aid can accomplish it.