THE TEVIOTDALE.

(District Court, E. D. Pennsylvania. January, 8, 1909.)

No. 31.

1. SEAMEN (§ 29*)—INJURIES TO SEAMEN—FAULT OF VESSEL.

Libelant, a seaman on a British vessel in port, was directed by one of the officers to hoist the national ensign. The mate directed him to get on the awning spar and endeavor to secure the flag. After continuing his

---

efforts for about 10 minutes, and being unable to do so, he returned to the deck, and it was then first noticed that his fingers were frosted. None of the officers knew he was suffering from cold until he returned to the deck, when first relief was given him, and the captain shortly after looked at his hands and sent him to the hospital, where his fingers were amputated. *Held*, that libelant's injury was attributable to no fault of the officers of the vessel, and hence he could not recover damages for the injury.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 29.*]

2. SEAMEN (§ 29*)—INJURIES TO SEAMEN—COST OF MAINTENANCE AND CURE.
Where a seaman on a foreign vessel was injured while in an American port without fault of the officers of the vessel, and was taken to a hospital, he was entitled to recover the cost of maintenance and cure until the cure was complete, regardless of the termination of the voyage.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 29.*

Rights and liabilities of seamen as to medical treatment, see note to The Cuzco, 83 C. C. A. 186.]

3. SEAMEN (§ 29*)—INJURIES TO SEAMEN—COST OF MAINTENANCE AND CURE.
An injured seaman may recover the cost of maintenance and cure, under a prayer for general relief, over an objection that it has not been specifically claimed in the libel as a separate item of damage.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 29.*]

In Admiralty. On final hearing.

A. Lawrence Wetherill, for libelant.
H. Alan Dawson, for respondent.

HOLLAND, District Judge. Carlsen, the libelant, has brought this suit to recover damages for the loss of his fingers, which were frosted while raising the national ensign on a British vessel here in port on the 16th of February, 1904. He alleges that this injury was the fault of the officers of the Teviotdale. He was a young man, between 18 and 19 years of age, and was aboard as a seaman at £2. 5s. per month. On the morning of the above date, about 7 o'clock, at the command of and in company with one of the officers, Carlsen went on deck to hoist the national flag. In his effort to do so he permitted the lower halyard to slip loose, whereupon the mate directed him to get up on the awning spar, which was about eight feet above the deck, and endeavor to secure the flag. Libelant proceeded without objections to perform this duty, and after continuing his efforts for about 10 minutes, and being unable to secure the flag, he returned to deck. It was then noticed by the mate and Carlsen himself that his fingers were frosted.

The claim of the plaintiff that the officer compelled him to continue the work without gloves in the cold after he had told the officer he was suffering from the cold is not established by the evidence. On the contrary, the facts appear to be that neither Carlsen nor the officer knew it had occurred until he returned to the deck, and then everything was done for him that his shipmates and officers could do with their limited knowledge of matters of that kind. His fingers were rubbed with snow, and he was directed not to go near the fire. The captain, shortly after the occurrence, looked at his hands and had him immediately taken to the hospital in this city, where, by his own statement in the hearing of

a disinterested person, he exonerated the captain and the officers from any blame. He is, under the circumstances, not entitled to recover damages, as the injury was no fault of the officers of the vessel.

He is, however, entitled to recover for the cost of his maintenance and cure, and this right does not terminate with the voyage, but extends until the cure is complete. McCarron v. Dominion Atlantic R. Co. (D. C.) 134 Fed. 762; The Mars (D. C.) 138 Fed. 941; The Henry B. Fiske (D. C.) 141 Fed. 188; The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; The Iroquois, 194 U. S. 240, 24 Sup. Ct. 640, 48 L. Ed. 955. It is held in the case of The Mars (D. C.) 138 Fed. 941, affirmed by the Circuit Court of Appeals in 149 Fed. 729, 79 C. C. A. 435, that the libelant can recover for cost of maintenance and cure under the prayer for general relief, and the objection that it has not been specifically claimed in the libel as a separate item of damages will not prevent a recovery. However, there is not sufficient evidence submitted to show what the claim is, and, unless the matter can be otherwise adjusted, depositions may be taken for and against the claim within 30 days and submitted to the court.

A decree, therefore, will be entered against the respondent for the libelant's claim for maintenance and cure, together with costs of suit.