[No. 14994.  Department One.  January 10, 1919.]

PUGET SOUND BRIDGE & DREDGING COMPANY, *Plaintiff*,
v. INDUSTRIAL INSURANCE COMMISSION,
*Defendant*.[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—
ADMIRALTY JURISDICTION.  The workmen's compensation act, Rem.
Code, § 6604-1 *et seq.*, does not apply to workmen employed exclusively upon a dredge at work in the navigable waters of the state
subject to admiralty jurisdiction; but it applies to employees of
the dredger who are engaged solely on the land; and as to employees engaged partly on the land and partly on the dredge, the
industrial insurance commission is entitled to collect premiums in
proportion to the time spent in either employment, so far as the
same can be segregated and determined.

Cross-appeals from a judgment of the superior court
for Thurston county, Wright, J., entered June 7, 1918,
favorable to the plaintiff, in an action to enjoin the
collection of premiums under the workmen's compensation act, tried to the court.  Affirmed.

*Roberts, Wilson & Skeel*, for plaintiff, contended,
among other things, that the status of the men working both on the dredge and land, should be fixed from
the nature of their work, which is maritime.  *Southern
Pacific Co. v. Jensen*, 244 U. S. 205; *Stoll v. Pacific
Coast Steamship Co.*, 205 Fed. 169.

A dredge is a vessel and subject to the admiralty
jurisdiction.  *The Alabama*, 22 Fed. 449; *The Pioneer*,
30 Fed. 206; *Atcheson v. Endless Chain Dredge*, 40
Fed. 253; *The Atlantic*, 53 Fed. 607; *The Starbuck*,
61 Fed. 502; *In re Hydraulic Steam Dredge No. 1*, 80
Fed. 545; *McRae v. Bowers Dredging Co.*, 86 Fed. 344;
*McMaster v. One Dredge*, 95 Fed. 832; *Bowers Hydraulic Dredging Co. v. Federal Contracting Co.*, 148

[1]Reported in 177 Pac. 788.

Fed. 290; *Bowers Hydraulic Dredging Co. v. Federal Contracting Co.*, 153 Fed. 870.

Where a vessel is within the admiralty jurisdiction it is not subject to the workmen's compensation act. *Shaughnessy v. Northland Steamship Co.*, 94 Wash. 325, 162 Pac. 546, Ann. Cas. 1914B 655; *State ex rel. Jarvis v. Daggett*, 87 Wash. 253, 151 Pac. 648, L. R. A. 1916A 446; *The Fred E. Sander*, 208 Fed. 724; *The Fred E. Sander*, 212 Fed. 545; *Workman v. New York City, Mayor etc.*, 179 U. S. 552.

*The Attorney General* and *John A. Homer, Assistant,* for defendant, contended, *inter alia,* that dredgers without propellers, connected to the shore by wires and floating pontoons, do not fall within the admiralty jurisdiction. *West v. Martin,* 51 Wash. 85, 97 Pac. 1102, 21 L. R. A. (N. S.) 324; *The Senator Rice,* 234 Fed. 101; *The Big Jim,* 61 Fed. 503; *The Pile Driver E. O. A.,* 69 Fed. 1005.

Were it otherwise, the question of admiralty jurisdiction should be determined by the locality. 1 C. J. 1285; *Atlantic Transport Co. v. Imbrovek,* 234 U. S. 52; *The M. R. Brazos,* Fed. Cas. No. 9898; *The Mackinaw,* 165 Fed. 351.

It is competent for the legislature to extend the workmen's compensation act to actions arising in admiralty jurisdiction. *The Hamilton,* 207 U. S. 398; *La Bourgogne,* 210 U. S. 95; *The J. E. Rumbell,* 148 U. S. 1; *Cooley v. Board of Wardens of Port of Philadelphia,* 12 How. (53 U. S.) 299; *Ex parte McNiel,* 13 Wall. (80 U. S.) 236.

Congress had power to legislate on this subject, and the effect of the Congressional amendment of October 6, 1917, is to modify or control the decisions restricting the application of the workmen's compensation act in this respect. *Providence of New York*

*Steamship Co. v. Hill Manufacturing Co.*, 109 U. S. 578; *In re Garnett*, 141 U. S. 1.

Admiralty jurisdiction does not extend to employment even of a maritime nature upon the shore or dock, and consequently the decisions of the *Jarvis, Shaughnessy* and *Jensen* cases, if not controlled by the Congressional amendment, would not apply to the shore employment. *The Bee*, 216 Fed. 709; *Swaine & Hoyt v. Barsch*, 226 Fed. 581; *The Albion*, 123 Fed. 189; *The Plymouth*, 3 Wall. (70 U. S.) 20; *Cleveland Terminal & Valley R. Co. v. Cleveland Steamship Co.*, 208 U. S. 316; *Johnson v. Chicago & Pacific Elevator Co.*, 119 U. S. 388; *Southern Pacific Co. v. Jensen*, 244 U. S. 205.

MACKINTOSH, J.—The plaintiff is engaged in the work of dredging upon the navigable waters within the state of Washington. It carries on this work by means of hydraulic dredges, taking material from the beds of the navigable waters and, after conveying it through pipes, discharging it upon adjacent lands. In this work it employs three classes of employees; first, those who work continuously upon the dredge and whose employment is entirely upon that vessel; second, those who work wholly upon the land and are at no time called to go upon the vessel; and third, those who work partly upon the vessel and partly upon the land and, during the day's work, go back and forth from one to the other, and who, in passing from the dredge to the land and from the land to the dredge, sometimes use rowboats, and at other times walk upon the pontoon pipes connecting the dredges with the land.

The industrial insurance commission, the defendant in this action, claims that all employees of the plaintiff are subject to the workmen's compensation act (Laws 1911, p. 345; Rem. Code, § 6604-1 *et seq.*), and

that premiums should be paid on account of the work of all the employees engaged in dredging operations.

As to those employees who work exclusively upon the dredge, we are firmly of the opinion that the plaintiff should pay no premiums; for the dredge, as a vessel, is subject to admiralty jurisdiction, and if premiums were paid for employees engaged exclusively thereon, the company, in the event of an injury occurring to one of such employees, would receive no protection under the act. *State ex rel. Jarvis v. Daggett,* 87 Wash. 253, 151 Pac. 648, L. R. A. 1916A 446; *Shaugnessy v. Northland Steamship Co.,* 94 Wash. 325, 162 Pac. 546, Ann. Cas. 1918B 655; *Southern Pac. Co. v. Jensen,* 244 U. S. 205, Ann. Cas. 1917E 900, L. R. A. 1918C 451. The fact that Congress, on October 6, 1917 (Act Oct. 6, 1917, c. 97, §§ 1, 2, 40 Stat. 395 [U. S. Comp. St. 1918, §§ 991 (3), 1233]), amended (by adding the italicized portion) §§ 24 and 256 of the Judicial Code of the United States (Act March 3, 1911, c. 231, 36 U. S. Stat. at Large, 1091, 1160) relating to the jurisdiction of Federal district courts in admiralty, and providing that Federal courts should have jurisdiction "Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and *to claimants the rights and remedies under the workmen's compensation law of any state,*" does not change the rule of these cases and extend to the industrial insurance commission jurisdiction of persons engaged in maritime work, for the reason that the workmen's compensation act of this state withdraws all "remedy of workmen against employers for injuries received in hazardous work from private controversy" and excludes "every other remedy," and therefore the Federal act cannot create a liability where one already exists in admiralty.

The second class of workmen, employed solely upon the land, comes within the operation of provisions of this act, and for them premiums are collectible.

As to the third class, we are confronted by the perplexing question of this case. The workmen's compensation act was passed with the avowed purpose of providing the exclusive manner of compensating employees engaged in hazardous work and occupations, and, within the scope of the act, all employees of a company such as the plaintiff are to be brought within the operation of that act, so far as it is within the power of the legislature to do so. The legislature, not bringing within the act those employees who are within the jurisdiction of admiralty, cannot compel the employer to pay premiums for those employees for whose injuries the employer would be liable in admiralty. On the other hand, the employer is not absolved from the duty of paying premiums for those employees who are not within the admiralty jurisdiction and for whose injury the employer would have been liable in a suit at common law before the passage of the workmen's compensation act. It may be, as here, that it would be an onerous task to so segregate, for the purpose of computing the premium to be paid, the time of employees who are alternately on land and on the navigable water, but this is a matter of detail of the business which must be worked out by the employer and the commission, and is not one which calls for judicial action. If this segregation is impracticable, the remedy must lie in some alteration of the act by the legislature.

As to those employees falling within the third class, the industrial insurance commission is entitled to a collection of premiums for such time as those employees are engaged in work upon the land, and is not entitled to receive premiums representing the time

that they are without the protection of the act and subject to the rules of admiralty jurisdiction.

The decision in the recent case of *Spokane & Inland Empire R. Co. v. Wilson,* 104 Wash. 171, 176 Pac. 34, in nowise conflicts with the views here expressed, for we there held that the workmen's compensation act, as it relates to railroad companies a part of whose business is interstate, exempted such company from the operation of the act, and the question as to whether the employees were sometimes engaged in interstate and at others in intrastate commerce was not material, for the reason that the status of the railroad company, as being one partially engaged in interstate commerce, determined the question of the liability of the company for premiums under the state workmen's compensation act, for its employees.

The judgment of the lower court will be affirmed.

MAIN, C. J., TOLMAN, and MITCHELL, JJ., concur.