[No. 26024.   Department Two.   February 28, 1936.]

PUGET SOUND BRIDGE & DREDGING COMPANY, *Appellant,*
v. THE DEPARTMENT OF LABOR AND INDUSTRIES,
*Respondent.*[1]

*Matthew Stafford,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

BLAKE, J.—Substantially all of the issues raised in this case were presented to and decided by this court in an action between the same parties in 1919. *Puget Sound Bridge & Dredging Co. v. Industrial Ins. Com-*

[1]Reported in 54 P. (2d) 1003.

*mission,* 105 Wash. 272, 177 Pac. 788. In that case, as in this, the issue presented was what, if any, liability the dredging company was under to pay premiums, under the workmen's compensation act, on its dredging operations in the navigable waters of this state. In that case, this court held (1) that the dredging company was not required to pay premiums on account of employees whose work was wholly on the dredge; (2) that it was required to pay premiums on account of employees whose work was wholly on land; (3) that with respect to employees who worked part time on land and part time on the dredge, the time should be segregated and premiums paid on account of their work on land.

The question presented here is whether that case still holds as authority in defining plaintiff's rights and obligations under the workmen's compensation act, in the light of subsequent decisions of the supreme court of the United States and the recent decision of this court in the case of *Dewey Fish Co. v. Department of Labor & Industries,* 181 Wash. 95, 41 P. (2d) 1099.

The underlying principle for the decision in *Puget Sound Bridge & Dredging Co. v. Industrial Ins. Commission, supra,* is that the workmen's compensation act cannot be extended to cases arising under admiralty and maritime jurisdiction. This principle was first stated in *Southern Pacific Co. v. Jensen,* 244 U. S. 205, 37 S. Ct. 524, Ann. Cas. 1917E 900, and, as we read the cases, has not been departed from in subsequent decisions. The latest expression of the supreme court of the United States is to be found in *Minnie v. Port Huron Terminal Co.,* 295 U. S. 647, 55 S. Ct. 884. A longshoreman, while at work on the deck of a vessel, unloading cargo, was struck by a swinging crane and knocked off the vessel onto the wharf. He claimed

compensation under the compensation act of the state of Michigan. Holding that the workman's rights were governed by maritime law and not by the compensation act, the court said:

"We have held that the case of an employee injured upon navigable waters *while engaged in a maritime service* is governed by the maritime law. (Citing cases.) It is otherwise if the injury takes place on land. (Citing cases.) In the instant case, the injury was due to the blow which petitioner received from the swinging crane. It was that blow received on the vessel in navigable water which gave rise to the cause of action, and the maritime character of that cause of action is not altered by the fact that the petitioner was thrown from the vessel to the land." (Italics ours.)

The court was confronted with the converse of this situation in *Smith & Son v. Taylor,* 276 U. S. 179, 48 S. Ct. 179. There a longshoreman was standing on the dock engaged in unloading a vessel. He was struck by a sling loaded with cargo and precipitated into the water. Holding that he came within the state compensation act, the court said:

"Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated § 2 of Art. 3. But, if the cause of action arose upon the land, the state law is applicable. (Citing cases.) Plaintiff in error concedes that the stage and wharf on which deceased was working are to be deemed an extension of the land (citing cases) and that the state law would apply if he had been injured or killed by falling on the landing-place. It argues that as no claim was made for injuries sustained while deceased was on land and as the suit was solely for death that occurred in the river, the case is exclusively within the admiralty jurisdiction. But this is a partial view that cannot be sustained. The blow by the sling was what gave rise to

the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death. (Citing cases.) The substance and consummation of the occurrence which gave rise to the cause of action took place on land.''

From these decisions, it is clear that, primarily, the criterion by which it is to be determined whether the claim of an injured workman comes under admiralty jurisdiction or under a state compensation act is the *place where* the injury was sustained. If the injury occurs on navigable water, the rights of the workman and the liability of his employer are to be determined by maritime law. If he is injured on land, his rights are governed by the state compensation act, notwithstanding he may be engaged in maritime work.

The rule, however, is subject to the qualification indicated by the phrase we italicized in our quotation from *Minnie v. Port Huron Terminal Co., supra.* The qualification is this: Even though the employee is injured while engaged in work on navigable water, his rights are to be determined under the state workmen's compensation act, if the enterprise upon which he is at the time engaged is a purely local matter and not concerned with commerce or navigation. The qualification has been held to apply in a case where a carpenter was injured while working on an *uncompleted* vessel lying in navigable waters. *Grant Smith-Porter Ship Co. v. Rohde,* 257 U. S. 469, 42 S. Ct. 157, 25 A. L. R. 1008. (However, a workman injured while *repairing* a vessel resting in a dock floating in navigable waters comes within the jurisdiction of admiralty. *Gonsalves v. Morse Dry Dock & Repair Co.,* 266 U. S. 171, 45 S. Ct. 39.)

Again, under the qualification, the court has held the state compensation act applicable to workmen engaged in booming and driving logs in navigable waters.

*Sultan R. & Timber Co. v. Department of Labor & Industries,* 277 U. S. 135, 48 S. Ct. 505. The qualification was also applied in the case of a diver who met his death while working from a barge thirty-five feet offshore in a navigable river. *Millers' Indemnity Underwriters v. Braud,* 270 U. S. 59, 46 S. Ct. 194.

So, in *Dewey Fish Co. v. Department of Labor & Industries, supra,* this court held that the driving of piles for the construction of a fish trap in navigable waters was a matter of purely local concern, unconnected with navigation, and that employees engaged in such work came within the scope of the workmen's compensation act.

In the instant case, the trial court was of the opinion that appellant's dredging operations were matters of purely local concern, unconnected with navigation, and that its employees working both on land and water came within the scope of the workmen's compensation act. Authority for this view is to be found in *State ex rel. Cleveland Engineering Const. Co. v. Duffy,* 113 Ohio St. 96, 148 N. E. 572.

But we think our own case of *Puget Sound Bridge & Dredging Co. v. Industrial Ins. Commission, supra,* is controlling. We are still of the view that dredging operations in navigable waters, in whatever manner conducted, designed to deepen, widen or construct channels for the purpose of facilitating navigation, fall within maritime jurisdiction. Consequently, workmen injured while on navigable water, engaged in or while being transported to or from such work, do not come within the scope of the workmen's compensation act. See: *Great Lakes Dredge & Dock Co. v. Kierejewski,* 261 U. S. 479, 43 S. Ct. 418; *Spencer Kellogg & Sons v. Hicks,* 285 U. S. 502, 52 S. Ct. 450.

354

There is one question in this case not decided in *Puget Sound Bridge & Dredging Co. v. Industrial Ins. Commission, supra.* Does the workmen's compensation act apply when dredging operations are carried on, not for the purpose of facilitating navigation, but solely for the purpose of extending and increasing the area of shorelands? Obviously, such an operation is purely local in character and has nothing to do with commerce or navigation. Under the authorities above cited, workmen engaged in such an operation would come within the scope of the workmen's compensation act.

The cause is remanded, with directions to modify the judgment in accordance with the views herein stated.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.