[No. 26503. Department Two. July 1, 1937.]

A. H. ROHLFS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Miller & Weiss* and *Stanbery Foster,* for respondent.

BEALS, J.—A. H. Rohlfs, a workman within the protection of the industrial insurance act, while working

[1]Reported in 69 P. (2d) 817.

aboard the gasboat "Floyd," which was resting on a track upon which it had been hauled from the water for the purpose of repairs, suffered an injury for which he filed a claim with the department. The supervisor rejected the claim, for the reason that the injury was sustained while working on board a boat, and the claimant was therefore under admiralty jurisdiction and not within the scope of the compensation act. From this order the claimant appealed to the joint board, which, March 16, 1936, entered its order sustaining the ruling of the supervisor. From this order, Mr. Rohlfs appealed to the superior court, which, after a hearing, entered judgment reversing the order of the joint board and directing that Mr. Rohlfs' claim be allowed by the department. From this judgment, the department has appealed, assigning error upon the court's ruling to the effect that the claimant was injured while engaged in an occupation classified and defined by the law as extrahazardous, and upon the further ruling of the court that the admitted facts brought the claimant within the scope of the industrial insurance law.

It is admitted that the gasboat "Floyd" had been regularly in commission, and had been hauled out of the water on a track, for the purpose of receiving needed repairs; that respondent was a carpenter employed by a firm engaged in carrying on work classified and defined by the act as extrahazardous; that, while respondent was working on the boat, he was injured by running a sliver of wood into the second joint of one of the fingers of his right hand; that the injury resulted in blood poisoning and some consequent loss of time. The facts having been stipulated, only questions of law are presented upon this appeal.

Appellant argues that, as respondent was working upon a boat which had once been in commission,

it must be held that he was engaged in a maritime employment within the admiralty jurisdiction, and consequently without the purview of the state workmen's compensation act. Appellant relies upon the case of *Comar v. Department of Labor & Industries,* 187 Wash. 99, 59 P. (2d) 1113, in which this court, sitting *En Banc,* held that a longshoreman, while engaged in unloading a barge moored in navigable waters, and who, while working on the barge, suffered an injury, was protected by the Federal longshoremen's act (44 Stat. 1424, Title 33, U. S. C. A., § 901 *et seq.*), and was not within the purview of the state industrial insurance law. In the case cited, the workman was injured while actually working on a barge resting on navigable waters. While he sometimes worked on land, he was hurt while working off-shore. The court considered and discussed many authorities, and concluded that the workman, when injured, was not within the protection of the statutes of the state. The locus of the injury was properly held decisive of the question to be determined, and the case cited does not support appellant's contention in the case at bar.

Appellant argues that the weight of authority supports the proposition that the fact that a vessel upon which work is being performed has once been commissioned is the determining factor, and not the particular location of the boat while the work is being performed. Here, admittedly, the boat had been completely lifted from the water, and was standing upon a track at some distance from the shore. It is also true that it was anticipated that the boat was to be again placed in the water when the repairs were finished. . It is clearly the law that work done upon a vessel prior to its completion and commission constitutes nonmaritime employment. The two lines of cases, one holding that certain work is maritime in its nature,

and the other that certain other operations are non-maritime, shade one into the other, and furnish support for arguments on either side of questions such as that here presented.

In the case of *Puget Sound Bridge & Dredging Co. v. Department of Labor & Industries,* 185 Wash. 349, 54 P. (2d) 1003, the matter of the obligation of the plaintiff to pay premiums under the workmen's compensation act on dredging operations which it was conducting in the navigable waters of this state was presented. The decision of this court in the prior case of *Puget Sound Bridge & Dredging Co. v. Industrial Ins. Commission,* 105 Wash. 272, 177 Pac. 788, was considered and held controlling. Referring to the case last cited, this court in the later case said:

"In that case, this court held (1) that the dredging company was not required to pay premiums on account of employees whose work was wholly on the dredge; (2) that it was required to pay premiums on account of employees whose work was wholly on land; (3) that with respect to employees who worked part time on land and part time on the dredge, the time should be segregated and premiums paid on account of their work on land."

In the later case, the doctrine of the earlier case was approved, and the rule laid down that

". . . dredging operations in navigable waters, in whatever manner conducted, designed to deepen, widen or construct channels for the purpose of facilitating navigation, fall within maritime jurisdiction."

It was also held that dredging operations carried on, not for the purpose of facilitating navigation, but solely for the purpose of extending and increasing shorelands, were purely local in character, had nothing to do with commerce or navigation, and hence were within the scope of the workmen's compensation act. As noted in the case cited from 185 Wash. 349, 54 P.

(2d) 1003, a workman, injured while repairing a vessel resting in a dry dock, comes within the admiralty jurisdiction (*Gonsalves v. Morse Dry Dock & Repair Co.*, 266 U. S. 171, 45 S. Ct. 39), while workmen engaged in booming and driving logs in navigable waters are protected by the state compensation act (*Sultan R. & T. Co. v. Department of Labor & Industries*, 277 U. S. 135, 48 S. Ct. 505). In the case of *Dewey Fish Co. v. Department of Labor & Industries*, 181 Wash. 95, 41 P. (2d) 1099, we held that the workmen's compensation act applied to workmen engaged solely in "building and maintaining fish traps founded in the earth beneath the waters," such work having only an incidental relation to navigation and commerce.

A marine railway, such as that upon which the "Floyd" was raised, runs from some distance in the water to any desired point on dry land. It is not like a floating dock or a dry dock, into which a vessel which needs repair floats on the surface of the water. Upon a marine railway, the boat is hauled by some power other than its own and not connected with navigation, out of the water and to a point upon the land, where the boat remains until its future is determined by its owner. It may return to its native element, or it may be destroyed, with or without the intention to terminate its career as a vessel. As above stated, it is the law that the same workman, while working alternately on a dock and on a ship attached thereto, varies the nature of his employment as he passes from the dock to the ship and back again. While on the ship, he is within the maritime jurisdiction; while on the dock, he is under the jurisdiction of the state law.

Respondent was working on land, not on the water; the labor which he was performing was, in the language of this court in the case of *Puget Sound Bridge & Dredging Co. v. Department of Labor & Industries*,

185 Wash. 349, 54 P. (2d) 1003, *supra,* quoting from *Dewey Fish Co. v. Department of Labor & Industries, supra,* "a matter of purely local concern, unconnected with navigation," and was essentially non-maritime in its nature.

Careful consideration of the problem here presented convinces us that the trial court correctly held that, while working on the "Floyd," respondent was engaged in a non-maritime employment, and was within the protection of the state workmen's compensation act.

This conclusion is supported by the following authorities, in addition to those above cited: *State Industrial Commission v. Nordenholt Corp.,* 259 U. S. 263, 42 S. Ct. 473, 25 A. L. R. 1013; *Smith & Son v. Taylor,* 276 U. S. 179, 48 S. Ct. 228; *Colonna's Shipyard v. Lowe,* 22 F. (2d) 843; *Norton v. Vesta Coal Co.,* 63 F. (2d) 165.

The trial court correctly ruled that respondent, at the time he was injured, was within the protection of the workmen's compensation act of this state, and the judgment appealed from is accordingly affirmed.

STEINERT, C. J., HOLCOMB, BLAKE, and ROBINSON, JJ., concur.