surrender his claim; hence this suit, brought to set aside said tax deed as a cloud upon his title, and the appointment of a receiver herein, to whom has been paid over the proceeds arising from the sale of oil due to this interest."

Thos. P. Jacobs and Geo. W. Johnson, for appellants.

Mason G. Ambler (B. M. Ambler and C. D. Merrick, on briefs), for appellee.

Before PRITCHARD, Circuit Judge, and PURNELL and KELLER, District Judges.

---

## THE MARS.

(Circuit Court of Appeals, Third Circuit. January 16, 1907.)

1. SEAMEN—PERSONAL INJURIES—LIABILITY OF VESSEL.

Where libelant, a fireman on a tug, was scalded while attempting to tighten the packing on the valve of an ash hoist, resulting from his turning a screw the wrong way and the machinery was not materially defective, the tug was not liable for his injuries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Seamen, §§ 189, 186; vol. 34, Master and Servant, § 758.]

2. SAME—MEDICAL ATTENDANCE.

Where a fireman on a tug was injured in the course of his employment, the fact that the tug was engaged in comparatively short coast-wise trips did not relieve her from the usual obligation of a vessel to her crew to furnish care and maintenance to effect a cure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Seamen, §§ 39, 187.]

3. SAME.

The obligation of a vessel to furnish medical attendance, etc., to a seaman injured in her service does not end with the termination of the voyage, where there was not sufficient time or facilities for the vessel to have then performed its duty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Seamen, §§ 43, 187.]

4. SAME—FORFEITURE OF RIGHT.

 A seaman injured in the course of his employment by his own negligence does not thereby forfeit his right to cure and maintenance at the expense of the vessel, where the injury was not caused by his gross negligence or willful neglect of orders, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Seamen, § 187.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinions below, see 138 Fed. 941; 145 Fed. 446.

John F. Lewis, for appellant.

Howard M. Long, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. On March 29, 1904, the tug Mars, being at Philadelphia and contemplating a towing trip to New England ports and return, shipped Manides, the libelant, as a fireman. He went to work on the 30th. About midnight of that day, while the tug and her tow were lying at Reedy Island in the Delaware awaiting the tide, Manides, in trying to turn a nut to tighten the packing on the valve of an ash hoist, was badly scalded. He was placed in a hospital at Philadelphia, where he remained a considerable time, and was discharged before a cure was effected. He filed a libel against the Mars for damages for his personal injuries. The court held he was not entitled to recover, saying:

"There is considerable evidence offered for the purpose of showing that the machinery was generally out of order, but I am not convinced that this was the case. It was the ordinary experience with machinery that requires constant attention in order that it may be kept up to the standard. It was not defective or out of repair to an extent that the tug should be liable for any injuries resulting therefrom, and for this reason we do not think the respondent is liable to the libelant in damages for the injury. There was no failure of ordinary care on the part of the owners of the tug to furnish a safe place for the libelant to do his work, and the machinery about which he was working and the implements used in the performance of his work were safe and in good condition, save and except the ordinary current repairs necessary to keep them in such condition. The injury to the libelant was the result of an accident while performing certain work with which he was acquainted, and which should have been performed in a careful manner to avoid the very injury he received. He is therefore not entitled to recover damages against the respondent."

Under a prayer for general relief, however, the court decreed the tug should pay him $291 for expenses for maintenance and cure; $50 being for future medical attendance. From the decree for payment thereof the tug took this appeal.

The evidence bearing on this branch of the case is not printed. In its absence, and in view of the fact that the court only allowed $291 of $1,593.68 claimed, the presumption is that the moderate amount decreed was justified by the proofs, and that the sum of $50 allowed for future treatment was to finish a course of treatment interrupted by his discharge from the hospital. The only question, therefore, for us to consider is whether Manides was entitled under his employment and the finding of the court noted above to any allowance whatever for cure and maintenance. The fact that the tug was engaged in

comparatively short coast-wise trips does not relieve her from the usual obligation of a vessel to her crew. One of these is to furnish at the vessel's expense, care and maintenance to a seaman injured in her service. The Osceo'a, 189 U. S. 175, 23 Sup. Ct. 483, 47 L. Ed. 760. This right extends to a fireman. The North America, 5 Ben. 486, Fed. Cas. No. 10,314. The word "cure" is used in its original meaning of care, and means proper care of the injured seaman and not a positive cure which may be impossible. The Atlantic, Abb. Adm. 451, Fed. Cas. No. 620. The duty is to furnish means of cure and to use all reasonable efforts for that purpose. Brown v. Overton, Fed. Cas. No. 2,024. In the nature of things the end of the voyage does not end the obligation, if there was not sufficient time and facilities for the vessel to have then done its duty. Its unfulfilled obligation may continue after the voyage ends. McCannon v. Dominion Atlantic Company (D. C.) 134 Fed. 762; Henry B. Fiske (D. C.) 141 Fed. 191; The Svealand, 136 Fed. 109, 69 C. C. A. 97; Reed v. Canfield, 1 Sumn. 195, Fed. Cas. No. 11,641. It is claimed, however, that libelant lost his right to cure because the injury resulted from his own negligence. The testimony, however, discloses no gross negligence, willful neglect of orders, or indeed any such facts as are in some cases (The Ben Flint, 1 Abb. (U. S.) 126, Fed. Cas. No. 1,299, and cases cited) recognized as affecting a seamen's right. The most that can be said is that the libelant in trying to tighten the screw mistakenly turned it the wrong way, thus loosening it and permitted the steam which scalded him to escape. Neither the ancient codes or the modern decisions show any reasoning or authority for holding that, where the injury to the seaman in the performance of his accustomed duties was received through remissness or not unusual carelessness on his part, he thereby forfeits his right to cure and maintenance. The Osceola, supra; The City of Alexandria (D. C.) 17 Fed. 395; The Ben Flint, supra.

The decree of the District Court is therefore affirmed.