## GONSALVES v. MORSE DRY DOCK & REPAIR COMPANY.

**APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.**

No. 3. Argued October 6, 1924.—Decided November 17, 1924.

An action by an employee for personal injuries attributable to his employer's negligence and suffered while the employee was engaged on repairs of a vessel then resting in a dock floating on navigable waters, is within the jurisdiction of the District Court in Admiralty. Reversed.

APPEAL from a decree of the District Court dismissing a libel in admiralty for want of jurisdiction.

*Mr. Joseph Larocque* for appellant.

*Mr. Charles J. McDermott,* with whom *Mr. Arthur E. Goddard* and *Mr. Henry C. Hunter* were on the brief, for appellee.

Mr. Justice McReynolds delivered the opinion of the Court.

Proceeding in admiralty appellant sought to recover damages for personal injuries received while he was employed by respondent and engaged in repairing the steamer "Starmount." Upon motion the trial court dismissed the libel, holding that it had no jurisdiction of the cause.

The libel alleges that respondent had charge of the work of repairing the shell plates of the steamer, then resting in a floating dock at Twenty-seventh Street, Brooklyn; that while employed by respondent and working on board appellant suffered injuries through the explosion of a blau torch which the employer negligently permitted to be out of repair. The prayer was for monition according to the course and practice in admiralty and for damages.

Since the decree below (June 14, 1921) we have decided *Great Lakes Dredge & Dock Co. v. Kierejewski,* 261 U. S. 479. The opinion there controls this cause unless the injuries sustained by appellant were not the result of tort, committed and effective, on navigable waters. In *The Robert W. Parsons,* 191 U. S. 17, 33, this Court held that repairs to a vessel while in an ordinary dry dock were not made on land. *The Steamship Jefferson,* 215 U. S. 130. Here repairs were made upon the ship while supported by a structure floating on navigable waters. Clearly, the accident did not occur upon land. The doctrine followed in *Cope v. Vallette Dry Dock Co.,* 119 U. S. 625, 627, that "no structure that is not a ship or vessel is a subject of salvage," has no application. That admiralty jurisdiction in tort matters depends upon locality is settled.

*The judgment below must be reversed.*