TYLER v. INDUST. COMM.
Ohio Appeals, 6th Dist., Ottawa Co.
No. 103. Decided April 11, 1927

1283. WORKMEN'S COMPENSATION — Where work of fisherman relates directly to commerce and navigation, his work and injuries are maritime in character, and the rights of the parties are controlled by the admiralty law; and death of such person within the course of his employment is not compensable under the workmen's compensation law of Ohio.

First Publication of this Opinion

WILLIAMS, J.

Ben Johnson was a fisherman employed by the United Fisheries Co. On Oct. 8, 1921, in the course of his employment, because of rough sea, he fell overboard, into the waters of Lake Erie, and was drowned. The employer has complied with the Ohio Workmen's Compensation Act.

Mary Johnson (now Tyler) applied to the Industrial Commission for allowance of compensation; and the claim was disallowed for the reason that the decedent was engaged in a maritime pursuit at the time of his death. On appeal to the Ottawa Common Pleas, judgment was rendered in favor of the Commission and error was prosecuted to reverse this judgment. The Court of Appeals held:

1. The question involved is whether the decedent was engaged in a maritime employment under such circumstances that his death would not be compensable under the Workmen's Compensation Law.

2. The general rule is that where an employe suffers injury or death in the course of his employment, which is purely maritime in character, the rights of the parties involved are controlled by maritime law and such injury or death is not compensable under the workmen's compensation law. 113 OS. 96; 579, 581.

3. Where death or injury results from a maritime tort, the injury or death may be compensable where the matter is one of mere local concern; and under such circumstances the workmen's compensation law "prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist."

4. Jurisdiction of admiralty courts extends to all waters connecting with other states and countries and navigable by vessels used in

commerce. It has been uniformly held that the Great Lakes are high seas; and admiralty jurisdiction prevails upon waters of the Great Lakes as fully as upon the high seas of salt water.

5. The decedent's work, the catching, loading and unloading of fish, was essential to and part of the transportation of a cargo of fish caught upon the high seas; and such work therefore, related directly to commerce and navigation, and was maritime in character and the death of decedent was not compensable under the law of Ohio.

Judgment affirmed.

(Richards & Lloyd, JJ., concur.)

Attorneys—Graves & Duff, Port Clinton, and John F. McCrystal, Sandusky, for Tyler; W. C. Wierman, Port Clinton, and R. R. Zurmehly, Columbus, for Commission.