Argued March 28, affirmed June 25, rehearing denied July 30, 1929.

## S. E. MARK *v.* PORTLAND GRAVEL CO.

(278 Pac. 986.)

For appellant there was a brief over the name of *Messrs. Davis & Harris,* with oral arguments by *Mr. M. B. Meacham* and *Mr. Paul R. Harris.*

For respondent there was a brief over the names of *Messrs. Wilson & Reilly, Messrs. Raffety & Pickett* and *Mr. I. H. Van Winkle,* Attorney General, with oral arguments by *Mr. John F. Reilly, Mr. Harry Raffety* and *Mr. Miles H. McKey,* Assistant Attorney General.

BELT, J.—This is an action to recover damages for personal injuries sustained by plaintiff while employed as engineer upon a dredge owned and operated by the defendant company. At time of injury the dredge was in the navigable waters of the Columbia River, engaged in scooping up sand from the bed of the river and loading it on barges alongside. This dredge had a beam of thirty-six feet and was one hundred and ten feet in length. It maintained a crew of three men. Being unable to move under its own power, it was towed to its location. The defendant company did not own nor operate the barges. It had nothing to do with the transportation of the sand after the barge was loaded. Plaintiff was injured by his clothing coming in contact with a revolving drive-shaft while he was reaching across it to operate a lever. A claim was filed by plaintiff with the State Industrial Accident Commission and a final award was made allowing him compensation. All checks drawn by the commission in plaintiff's favor were cashed by him without objection. Indeed, during the trial of this action, he made application to the commission for a lump sum payment of the balance due him. However, he now asserts that the Oregon Workmen's Compensation Act has no application to a maritime tort and that the action of the commission is null and void. He says the payments made are to be considered as a mere gratuity. The trial court directed a verdict in favor of the defendant. Plaintiff appeals.

There are several interesting and difficult problems presented on this appeal but our attention will be directed only to the question as to whether admiralty jurisdiction exclusively applies. In determining this,

we inquire: Was plaintiff, at the time of the alleged tort, working upon a "vessel" engaged in navigation and commerce? It is not believed that the mere fact that he was injured on navigable waters is sufficient, in itself, to establish maritime jurisdiction. If such were the rule, it would be difficult to follow the reasoning of the United States Supreme Court in *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469 (66 L. Ed. 321, 42 Sup. Ct. Rep. 157, 25 A. L. R. 1008). In that case, Rohde was injured while working upon an uncompleted vessel on the navigable waters of the Willamette River An award to him under the Workmen's Compensation Act of this state was upheld.

While the matter is not free from doubt, it appears to us that the only feature of plaintiff's case which speaks of admiralty jurisdiction is that the tort occurred on navigable waters. Certainly, his work, as engineer on this dredge, did not directly relate to navigation. At most, it can only be said that it was incidental thereto. The dredge was not deepening a channel to aid navigation and commerce. It was merely taking sand from the bed of the river for the purpose of sale. It is immaterial whether interstate or intrastate commerce was involved. Suffice it to say, the work was of a purely local nature and the exercise of jurisdiction by the state Industrial Accident Commission could in no way materially affect or prejudice the operation and purpose of maritime law. The defendant has contributed to the fund out of which plaintiff has been paid. The parties have contracted with respect to the Workmen's Compensation Act of this state. In the light of the federal Supreme Court decisions where a kindred question has been involved, it is not believed that the facts here disclose an infringement upon admiralty jurisdiction.

Chief Justice TAFT, speaking for the court in the recent case of *London Guarantee & Accident Co.* v. *Industrial Accident Commission,* decided April 8, 1929, 279 U. S. 109 (73 L. Ed. 632, 49 Sup. Ct. Rep. (Advance Sheets) 296), has reviewed all of the decisions of that court since *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205 (61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, Ann. Cas. 1917E, 900, L. R. A. 1918C, 451), relative to the application of the Workmen's Compensation Act in cases of a maritime nature. It will be observed that there are two general classes of cases, one wherein the matters considered were not of mere local concern, but, because of their special relation to commerce and navigation, were beyond the regulatory power of the state, as in *Great Lakes Dredge & Dock Co.* v. *Kierejewski,* 261 U. S. 479 (67 L. Ed. 756, 43 Sup. Ct. Rep. 418), *Washington* v. *W. C. Dawson & Co.,* 264 U. S. 219 (68 L. Ed. 646, 44 Sup. Ct. Rep. 302), *Gonsalves* v. *Morse Dry Dock & Repair Co.,* 266 U. S. 171 (69 L. Ed. 228, 45 Sup. Ct. Rep. 39), and *Robbins Dry Dock & Repair Co.* v. *Dahl,* 266 U. S. 449 (69 L. Ed. 372, 45 Sup. Ct. Rep. 157), and the other class of cases where the facts disclose that the party injured was not engaged in any work so directly connected with navigation and commerce that to permit the rights of the parties to be controlled by the local law would interfere with the essential uniformity of the general maritime law: *Millers' Indemnity Underwriters* v. *Braud,* 270 U. S. 59 (70 L. Ed. 470, 46 Sup. Ct. Rep. 194), *Grant Smith-Porter Ship Co.* v. *Rohde, supra, Alaska Packers' Assn.* v. *Industrial Acc. Com.,* 276 U. S. 467 (72 L. Ed. 656, 48 Sup. Ct. Rep. 346, and *Sultan Ry. Co.* v. *Department of Labor & Industries of the State*

*of Washington,* 277 U. S. 135 (72 L. Ed. 820, 48 Sup. Ct. Rep. 505).

We are unable to distinguish the case at bar from *Grant Smith-Porter Ship Co.* v. *Rohde, supra.* The principles therein announced are controlling here. We conclude that the rights and remedies of the plaintiff are to be governed by the Workmen's Compensation Act and that admiralty jurisdiction does not apply.

It follows that the judgment of the lower court in favor of the defendant is affirmed.

AFFIRMED. REHEARING DENIED.

BROWN, J., absent.