SALVATORE CIARAMITARO'S (dependent's) CASE.

Suffolk.   November 13, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, To whom act applies.   *Jurisdiction.   Admiralty.*

Where an employee of a dealer in crabs, whose duties, while on a motor boat of his employer as a helper, were to grab with a gaff the cables of traps and to assist in getting the traps into the boat and in transporting the crabs to shore for commercial purposes, fell off the boat and was drowned in Boston Harbor while so engaged, the employment and the fatal accident were within the general maritime jurisdiction and were not matters of purely local concern; and therefore the workmen's compensation act was not applicable.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material facts found by the board are stated in the opinion. By order of *Weed, J.,* a decree dismissing the claim was entered. The claimant appealed.

*A. Rigione,* for the claimant.

*G. Gleason,* for the insurer.

RUGG, C.J.   The undisputed facts are these: The employer, engaged in the business of selling live crabs and crab meat, secured its crabs by means of traps sunk in the water in and around Boston Harbor. In winter traps were set as far as a mile or a mile and a half beyond Boston Light. Attached to the traps as sunk in the water inside the harbor were cables of ten or twelve fathoms, and outside the harbor cables of twenty to twenty-two fathoms. The contents of the traps were collected by the employer by the use of its own boats. The same crew went inside and outside the harbor for this purpose. It was customary and necessary for two employees to go on each trip to collect crabs. The boat so used at the time of the accident to the employee was thirty-seven feet long, nine and one half feet beam,

with one engine and one propeller. It had a twenty-five horse-power motor but it was considered fifty horse-power; it was registered with the United States custom office and equipped with life savers, a fog horn and a whistle. One employee operated the boat; the other was a helper. The place where each trap was set was marked by a buoy attached by the cable to the trap. As the boat approached the buoy the helper reached out from the boat to grab the buoy or the cable with a gaff held in his hand. The trap was pulled up by a winch in the boat for which the motor furnished the power. The two employees together pulled the trap into the boat. The deceased employee had a license obtained at the Boston City Hall to go crab fishing. When not out in the boat he worked at a store on the wharf, where his duties were to keep the store clean, roll out barrels and do other work. On the day in question the deceased employee was the helper. The man running the engine brought the boat near a buoy, which marked a crab trap in Boston Harbor off Snake Island about two miles from South Boston, slowed the engine, and then on looking back found that the deceased employee was in the water with the gaff in his hand; he drowned before he could be rescued. This misfortune arose out of and in the course of the employment of the deceased employee.

The Industrial Accident Board found that, while the injury and death of the employee occurred on navigable waters, the work which he was doing had no relation to commerce or navigation but was a matter of mere local concern, and awarded compensation to the claimant. In the Superior Court a decree was entered dismissing the claim for compensation. The claimant appealed.

The only point to be decided is whether the rights of the parties are governed by the workmen's compensation act of this Commonwealth, or whether the case is outside its scope because within admiralty jurisdiction.

The accident to the employee occurred in navigable waters in the course of a short voyage in Boston Harbor for the purpose of gathering from the salt water crabs to be sold in the ordinary course of trade. In substance it was a voyage

for fishing. The employee was not active in the management of the boat but was active in getting the crabs on board the boat. The accident had a maritime locality. The precise point for determination is whether, although the employment and accident were maritime in character, they pertained chiefly to local matters having only an incidental relation to navigation and commerce. The Federal decisions touching the subject have been reviewed in *Herbert's Case*, 283 Mass. 348, and *Wolf's Case*, 285 Mass. 181, and need not be reëxamined. In *London Guarantee & Accident Co. Ltd.* v. *Industrial Accident Commission of California*, 279 U. S. 109, it was held that one engaged as a mariner on a small fishing vessel used for daily excursions of three to five miles, for the accommodation of the public seeking recreation in deep sea fishing, was under admiralty jurisdiction with respect to injuries. In *Spencer Kellogg & Sons, Inc.* v. *Hicks*, 285 U. S. 502, an employer transported his employees across the Hudson River in a gasoline launch forty-five feet in length and it was held that the rights and obligations springing from injuries to such passengers by negligence were governed by admiralty law. In each case relief under a workmen's compensation act was denied. It seems to us that fishing in navigable waters and transporting the catch to the shore for commercial purposes are matters within general maritime jurisdiction and not of purely local concern. Therefore injuries received in the course of such employment are not compensable under the workmen's compensation act. There are numerous decisions to that effect. *Leszczymski* v. *Andrew Radel Oyster Co.* 102 Conn. 511. *Foppen* v. *Peter J. Fase & Co.* 219 Mich. 136. *Maryland Casualty Co.* v. *Grant*, 169 Ga. 325. To the same effect see also *The Minna*, 11 Fed. Rep. 759; *The Virginia Belle*, 204 Fed. Rep. 692; *Tyler* v. *Industrial Commission*, 25 Ohio App. 444.

*Decree affirmed.*