**Hubert James DEAN, Libellant,**

v.

**CHESAPEAKE BAY FERRY DISTRICT and The Greyhound Corporation, Respondents.**

**No. 7829.**

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 30, 1958.

Bangel, Bangel & Bangel, Portsmouth, Va., Stanley J. Bangel, Portsmouth, Va., for libellant.

Vandeventer, Black & Meredith, Hugh S. Meredith, Norfolk, Va., for Chesapeake Bay Ferry Dist.

Seawell, Johnston, McCoy & Winston, John W. Winston, Norfolk, Va., for Greyhound Corp.

WALTER E. HOFFMAN, District Judge.

Libellant, a fare-paying passenger on a ferry owned, operated and controlled by respondent, Chesapeake Bay Ferry District, has instituted this action in admiralty against the Chesapeake Bay Ferry District and The Greyhound Corporation, alleging negligence on behalf of both respondents. The Greyhound Corporation has filed exceptions to the jurisdiction under the theory that the action, as to The Greyhound Corporation, is not cognizable in admiralty and that there has been a misjoinder of parties respondent.

The negligence of The Greyhound Corporation is alleged to be that the operator of this respondent's bus permitted his vehicle to roll against libellant after the bus had boarded the ferry boat. As to the owner and operator of the ferry

boat, it is contended that improper care was exercised in the maintenance and operation of the boat, passageways, and storage of vehicles.

Desiring to prove contributory negligence on the part of libellant which, under the law of Virginia, would be a complete bar to the right of recovery, The Greyhound Corporation urges that its exceptions should be sustained. If the matter is heard in admiralty, the contributory negligence, if any, of libellant would only operate in mitigation of damages.

While the interesting question presented is not free from doubt, the prevailing rule is that the locality of the tort furnishes the test as to whether the cause is one "of admiralty and maritime Jurisdiction". Const. Art. III, § 2; Rev. Stat., § 563; Judicial Code, § 24; Act of Sept. 24, 1789, C. XX, § 9, 1 Stat. 73, 76, 28 U.S.C.A. § 1333. In this case the ferry boat was lying in navigable waters and the locality test has been fully met.

Respondent relies upon the dicta in Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U.S. 52, 60, 34 S.Ct. 733, 735, 58 L.Ed. 1208, where it is said:

"But the petitioners urge that the general statements which we have cited, with respect to the exclusiveness of the test of locality in cases of tort, are not controlling; and that in every adjudicated case in this country in which the jurisdiction of admiralty with respect to torts has been sustained, the tort, apart from the mere place of its occurrence, has been of a maritime character. It is asked whether admiralty would entertain a suit for libel or slander circulated on board a ship by one passenger against another. See Benedict, Admiralty, 4th ed., § 231. The appropriate basis, it is said, of all admiralty jurisdiction, whether in contract or in tort, is the maritime nature of the transaction or event; it is suggested that the wider authority exercised in very early times in England may be

due to its antedating the recognition by the common-law courts of transitory causes of action, and thus arose by virtue of necessity."

The Supreme Court did not find it essential to discuss the foregoing. As to the hypothetical case of libel or slander circulated on board ship, such an action is of a nature of continuing injury to the offended party and the resulting damage would not be confined to the vessel.

In Chesapeake Ferry Co. v. Cummings, 158 Va. 33, 164 S.E. 281, 82 A.L.R. 790, the action was brought in the state court and the question of admiralty jurisdiction with its attendant rule as to the treatment of contributory negligence was never raised by the parties. In Cummings the driver of an automobile boarding the ferry went through the chain barrier at the forward end of the boat and drowned. While the opinion does not definitely state the theory upon which the contributory negligence was submitted to the jury, it is rather apparent that neither party endeavored to invoke the admiralty rule, and the case can hardly be considered as authority for the position that admiralty has no jurisdiction under such a set of facts. In fact, under like circumstances, admiralty courts have apparently taken jurisdiction. Shepard v. Reed, 6 Cir., 26 F.2d 19; Carroll v. Central R. Co. of New Jersey, D.C.E.D.N.Y., 14 F.2d 529. Furthermore, in Cummings it will be noted that this was a death action, and the right to recover under a state wrongful death statute for a maritime tort is generally governed by the law of the state. Byrd v. Napoleon Avenue Ferry Co., D.C., 125 F.Supp. 573, affirmed 227 F.2d 958, certiorari denied 351 U.S. 925, 76 S.Ct. 783, 100 L.Ed. 1455.

Nor is the "dog case" referred to by proctors for Greyhound in Aquino v. Alaska S. S. Corp., Wash., 199 Wash. 490, 91 P.2d 1014, 1939 A.M.C. 956, controlling on the question at issue. There the plaintiff sued at law to recover damages from the owner of a dog left tied to a deck rail and from the steamship company, when the dog bit a five year

old child. The court does not discuss the jurisdiction in admiralty or the contributory negligence of the child. The only principle involved is that an action at law may be maintained under these circumstances, but this is not to say that the injured party could not have proceeded in admiralty.

Finally Greyhound points to the dissenting opinion of Judge Foster in LeMaster v. Chandler, Wash., 309 P.2d 384, 1957 A.M.C. 1096, wherein the dissenting jurist contended that the common law cannot be applied to a maritime court. The majority of the court, relying upon Chesapeake Ferry Co. v. Cummings, supra, held, without discussing the doctrine of contributory negligence in admiralty, that the negligence of the ferry employees was the "ultimate" negligence as contrasted with the "remote" cause, or a cause merely *sine qua non,* of the plaintiff in not adjusting the brakes of his vehicle when boarding the ferry, thereby permitting it to roll off the boat. The dissent suggests that the case should be remanded with instructions to decide the same in accordance with admiralty principles of contributory negligence in line with Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927. While it is unnecessary to discuss the merits of the dissent expressed in LeMaster, it would certainly appear that, where the action is instituted in admiralty, the common-law doctrine of contributory negligence cannot be invoked.

Authorities are legion to the effect that every species of tort, however occurring and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance, providing that the substance and consummation of the wrong and injury takes place upon these waters. The Plymouth, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125; Gonsalves v. Morse Dry Dock & Repair Co., 266 U.S. 171, 45 S.Ct. 39, 69 L.Ed. 228; Lamb v. Interstate S. S. Co., 6 Cir., 149 F.2d 914. As in contract cases the jurisdiction in admiralty rests upon the maritime nature of the subject matter, so in cases of tort it rests upon the maritime character of the locality. Benedict, Admiralty, 6 Ed., Vol. 1, § 127, p. 350. It is true, of course, that local workmen's compensation statutes have been applied to some maritime injuries without disturbing the essential harmony of the maritime law, but compensation statutes have been the subject of special treatment by the courts. Other authorities discussing the locality test in determining admiralty jurisdiction are Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633; United States v. Matson Nav. Co., 9 Cir., 201 F.2d 610; Berwind-White Coal Mining Co. v. City of New York, 2 Cir., 135 F.2d 443.

The exceptions as filed by The Greyhound Corporation are overruled and an order to this effect will be entered upon presentation.